EVANS, Appellant,

v.

BOSSIN, Appellee.

[Cite as *Evans v. Bossin* (1995), 107 Ohio App.3d 544.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940647.

Decided Nov. 29, 1995.

*Condo & Walsh Co., L.P.A.,* and *H. Vincent Walsh,* for appellant.

*Taft, Stettinius & Hollister* and *Robert G. Stachler,* for appellee.

SHANNON, Presiding Judge.

This case stems from the granting of sanctions, upon the motion of appellee Phyllis G. Bossin under R.C. 2323.51 and Civ.R. 11, against appellant Ceil Evans and her attorney in the pursuit of a defamation lawsuit against Bossin. Appellant's attorney signed an agreed entry of final judgment in favor of Bossin on February 14, 1994, nearly eight months after the filing of the complaint. The complaint alleged that Bossin authored a case synopsis of appellant's child-custody lawsuit, disseminated at a Cincinnati Bar Association seminar, which defamed and libeled her. Bossin was the attorney for appellant's husband in the child-custody suit at issue in the case synopsis.

■ In her first assignment of error, appellant asserts that the trial court erred when it found her attorney's conduct in bringing the suit to be frivolous. Appellant is the only party appealing from the order imposing sanctions against her attorney. A party lacks standing to appeal the imposition of sanctions, pursuant to Civ.R. 11, upon his attorney. *Parks v. Baltimore & Ohio RR.* (1991), 77 Ohio App.3d 426, 602 N.E.2d 674. Since appellant lacks standing to question the imposition of sanctions against her attorney and her attorney failed to file his own notice of appeal, this assignment of error is not properly before this court. See *Pegues v. Freedom Fed. S. & L.* (Mar. 23, 1989), Franklin App. No. 88AP–631, unreported, 1989 WL 27170.

■ In her second assignment of error, appellant argues that the trial court abused its discretion when it found appellant's claim against Bossin to have been filed merely to harass and maliciously injure her. Appellant's argument is without merit.

In her deposition, appellant admitted that she did not have personal knowledge that Bossin wrote or edited the synopsis. Her only reason for attributing the synopsis to Bossin was her allegation that Bossin once told her that she could say or write anything she wanted about appellant, even if it was not true, because "it's protected." Appellant also admitted that she had no knowledge of any individual reading the synopsis and associating it with her. In other words, appellant brought this claim based only upon her subjective belief that Bossin must have written the synopsis because it was "a continuation of what she had said about me in the past."

■ The decision whether to impose sanctions is within the discretion of the trial court. *Shaffer v. Mease* (1991), 66 Ohio App.3d 400, 584 N.E.2d 77. An abuse of discretion is more than an error of law or of judgment. It implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Ruwe v. Springfield Twp. Bd. of Trustees* (1987), 29 Ohio St.3d 59, 29 OBR 441, 505 N.E.2d 957.

In the case before us, appellant has offered no facts upon which she could reasonably have believed that Bossin authored a case synopsis with the intent to defame her. Consequently, we cannot say that the trial court abused its discretion in determining that there were no good grounds to assert any claim against Bossin for defamation, and that appellant's claim against Bossin was intended to harass and maliciously injure her. Appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLIGAN, J., concurs.

KOEHLER, J., dissents in part.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

RICHARD N. KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.

KOEHLER, Judge, dissenting in part.

The majority will not consider appellant's first assignment of error because it has determined that counsel failed to file his own notice of appeal and because appellant lacks standing to question the imposition of sanctions against her attorney.

The authority cited for that disposition is the decision in *Pegues v. Freedom Fed. S. & L.* (Mar. 23, 1989), Franklin App. No. 88AP–631, unreported, 1989 WL 27170. I find the dissenting opinion by Judge Whiteside in that case to be well reasoned and persuasive.

In the instant case, although appellant's counsel was not made a party to the proceedings, he was found by the trial court to be jointly and severally obligated with appellant for fees, costs, and expenses totaling nearly $20,000. A joint and several judgment against a party to litigation and her counsel arguably removes the issue of sanctions from collateral status and brings it into the primary action. Thus, appellant's counsel was recognized as a party without being formally named. Additionally, the notice of appeal in this case was executed by counsel.

An inferior court's action in imposing a joint and several judgment against a party and counsel establishes privity sufficient to bring the entire matter before an appellate court. It is difficult to believe that fairness and justice would allow a person in the situation of appellant's counsel, because he is not formally named as a party to an action, to sustain severe damages and be precluded from having his interest reviewed on appeal. Under a liberal interpretation of App.R. 3(A), as directed by the Ohio Supreme Court in *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 649 N.E.2d 1229, the issue raised in appellant's first assignment of error cries out for review.