JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the lower court, the briefs and the oral arguments of counsel. Plaintiffs-appellees Bernard Cowan and Gregory Powelson voluntarily dismissed their slander claim against defendant-appellant James Flament on March 5, 1999. Defendant-appellant then moved for costs and attorney fees under R.C. 2323.51, which the court denied on August 6, 1999. In this timely appeal, defendant-appellant asserts that:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO CONCLUDE THAT THE FILING OF PLAINTIFF'S SLANDER CLAIM CONSTITUTED FRIVOLOUS CONDUCT WITHIN THE MEANING OF O.R.C. § 2323.51(A)(2)(A)(II).
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES UNDER O.R.C. § 2323.51(A)(2)(A)(II) WITHOUT PROVIDING AN EVIDENTIARY HEARING ON THE FACTUAL ISSUES PRESENTED.
R.C. 2323.51(B)(1) provides:
 * * * within twenty-one days after the entry of judgment in a civil action, * * * the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct.
"Frivolous conduct" includes conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii).
Defendant-appellant contends that the question of whether plaintiff-appellee's conduct was frivolous is a matter of law that this court must review de novo, citing Lable Co v. Flowers
(1995), 104 Ohio App.3d 227, 233 and Toth v. Toth (1994),94 Ohio App.3d 561, 565. In each of these cases, the trial court awarded sanctions based on frivolous conduct, so the appellate court was reviewing a determination that conduct was frivolous. Here, by contrast, the court did not award sanctions. There was no determination that plaintiff-appellees' conduct was not
frivolous; the trial court simply denied defendant-appellant's motion for costs and attorney fees. Consequently, a de novo
standard of review is inappropriate.
The determination whether or not to award costs and fees pursuant to R.C. 2323.51 is within the trial court's discretion and will not be reversed unless that discretion was abused.Taylor v. Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27,31; Evans v. Bossin (1995), 107 Ohio App.3d 544, 546. Appellant has not shown the trial court abused its discretion here; therefore, the first assignment of error is overruled.
No hearing is required before the court denies a motion for sanctions if the court finds no basis for imposing sanctions.Dickens v. General Accident Ins. Co. (1997), 119 Ohio App.3d 551,554. Therefore, the second assignment of error is overruled.
The trial court's judgment is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and JAMES D. SWEENEY, J. CONCUR.
 _________________________ JUDGE KENNETH A. ROCCO