JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Chong S. Housden appeals from the trial court's decision that denied her motion for attorney fees without a hearing. For the reasons that follow, we affirm.
 {¶ 2} Housden sold the assets of the Korea House Restaurant to Yung Ja (a.k.a. Yung J. Park) on July 17, 2000 for $70,000. Yung Ja made a down payment and Housden became a debtor to Housden for the balance.
 {¶ 3} Yung Ja entered a contract with plaintiff-appellee Yellow Page Publishers, Inc., d.b.a., Smart Pages, in November 2000. On August 6, 2001, Housden purchased back the assets of the Korea House Restaurant for $24,000. Although not explicitly included in the August 2001 agreement, Housden claims that the sale further included the forgiveness of the outstanding debt Yung Ja owed to Housden. On August 27, 2001, Housden again sold the assets of the Korea House Restaurant to a third party for $75,000.
 {¶ 4} On April 11, 2002, appellee obtained a judgment against Yung Ja and Korea House in Cleveland Municipal Court. On January 2, 2003, Yellow Page, through its attorneys, commenced this action against Housden for fraudulent conveyance and/or preferential transfers relating to the sale of the Korea House Restaurant assets. The parties both moved for summary judgment. The trial court granted Housden's motion for summary judgment due to Yellow Page's failure to present any evidence to contradict Housen's sworn affidavit. The trial court denied Housden's motion for attorney fees without a hearing from which Housden appeals.
 {¶ 5} "I. The trial court abused its discretion in denying appellant's motion for attorney fees without affording her an opportunity for a hearing."
 {¶ 6} We cannot reverse a trial court's decision to deny or grant a motion for attorney fees under R.C. 2323.51 unless there was an abuse of discretion. "`[T]he trial court's decision must be more than an error of law or judgment; its ruling must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.'" Beal v.Allen, Cuyahoga App. No. 79567, 2002-Ohio-4054, ¶ 78, quotingNakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256.
 {¶ 7} R.C. 2323.51 requires the court to hold a hearing before it can make an award of attorney fees as a sanction for frivolous conduct but the same is not required when the court, in its discretion, declines such an award. See First Place Bank v.Stamper, Cuyahoga App. No. 80259, 2002-Ohio-3109, ¶ 12 ("an R.C.2323.51 hearing is `mandatory only when sanctions are imposed and is not necessary when the court determines, upon consideration of the motion and in its discretion, that it lacks merit.'"); see, also, Beal supra.
 {¶ 8} Appellant contends that Yellow Page engaged in frivolous conduct by commencing this action. "Frivolous conduct is conduct of a party to a civil action or his or her representative that `obviously serves merely to harass or maliciously injure another party to the civil action or appeal' or `is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.'" Id. at ¶ 15, quoting R.C.2323.51.[1]
 {¶ 9} Housden asserts that Yellow Page's failure to produce any evidence sufficient to withstand summary judgment establishes frivolous conduct. We do not agree. The claims Yellow Page asserted against appellant included fraudulent and/or preferential transfer as set forth in 1336.01, et seq. and1313.56, et seq., respectively. The record illustrates that Yung Ja was a debtor of Housden in August 2001 when Housden purchased back the Korea House assets for $24,000, which Housden then resold to another party for $75,000 weeks later.
 {¶ 10} Whether or not the August 2001 asset transaction qualified as a fraudulent conveyance or whether Housden knew of Yung Ja's alleged intent to make a preferential transfer were matters of fact that are not readily apparent from the transaction documents. The parties fully briefed the issues for the trial court's consideration on summary judgment, which were ultimately resolved in Housden's favor. This, however, does not transform the filing of the complaint into frivolous conduct. Finally, as to whether appellees made any material, intentional misrepresentations in order to maintain their claims was best resolved by the trial court, which is in the "best position to gauge the course of proceedings and the conduct of the parties."First Place Bank, supra at ¶ 17. We do not find that the trial court abused its discretion by denying Housden's motion for attorney fees without a hearing.
Judgment affirmed.
Karpinski, J., and Rocco, J., Concur.
[1] Housden did not pursue sanctions under Civ.R. 11, which subjects pro se litigants and attorneys to sanctions for willful violations of the rule.