JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Michael Westerhaus ("Westerhaus") appeals the trial court's denial of his motion for attorney fees. Finding no merit to this appeal, we affirm.
 {¶ 3} Westerhaus' appeal stems from a complaint filed by attorney Joseph Bancsi ("Bancsi") on behalf of plaintiff Nick Papadelis against Westerhaus and other defendants. The complaint broadly asserted that Westerhaus engaged in a scheme to defraud Papadelis of his alleged interest in property at 4428 Pearl Road. It further alleged that Westerhaus committed legal malpractice.
 {¶ 4} On June 17, 2003, Papadelis voluntarily dismissed the complaint without prejudice. Westerhaus then sought attorney fees and costs under R.C. 2323.51 against Bancsi,[1] which the trial court denied without a hearing.
 {¶ 5} Westerhaus appeals, raising one assignment of error.
 {¶ 6} Westerhaus argues that the trial court abused its discretion by denying his motion for attorney fees without conducting an evidentiary hearing. Specifically, he contends that the underlying case against him constituted a frivolous lawsuit.
 {¶ 7} R.C. 2323.51 governs the award of attorney fees and costs for frivolous conduct. "Frivolous conduct" includes conduct that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii).
 {¶ 8} Although R.C. 2323.51 allows a trial court to award attorney fees incurred by a party subjected to frivolous conduct, the statute does not mandate such an award. Rather, the decision to grant or deny attorney fees is within the sound discretion of the trial court. Taylor v. Franklin Blvd. Nursing Home, Inc.
(1996), 112 Ohio App.3d 27, 31; Evans v. Bossin (1995),107 Ohio App.3d 544, 546. R.C. 2323.51 provides, in pertinent part:
{¶ 9} "* * * within twenty-one days after the entry ofjudgment in a civil action, * * * the court may award courtcosts, reasonable attorney's fees, and other reasonable expensesincurred in connection with the civil action or appeal to a partyto the civil action or appeal who was adversely affected byfrivolous conduct."
 {¶ 10} We review a trial court's denial of attorney fees and costs pursuant to an abuse of discretion standard. Yellow PagePublishers, Inc. v. Housden, Cuyahoga App. No. 83827, 2004-Ohio-3603; Beal v. Allen, Cuyahoga App. No. 79567, 2002-Ohio-4054. "`The trial court's decision must be more than an error of law or judgment; its ruling must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.'" Id. at ¶ 78, quoting Nakoff v.Fairview Gen. Hosp., 75 Ohio St.3d 254, 256, 1996-Ohio-159.
 {¶ 11} Westerhaus fails to offer any evidence that the trial court's denial of his motion for attorney fees constituted an abuse of discretion. Even if the claims against him were frivolous, the court had discretion to deny the motion for attorney fees. See Cowan v. Flament (Mar. 30, 2000), Cuyahoga App. No. 76900.
 {¶ 12} Furthermore, although R.C. 2323.51 requires a trial court to hold a hearing before it grants a motion for attorney fees, a hearing is not required when the court determines, upon consideration of the motion and in its discretion, that the motion lacks merit. Housden, supra; First Place Bank v.Stamper, Cuyahoga App. No. 80259, 2002-Ohio-3109. See, also,Pisani v. Pisani (1995), 101 Ohio App.3d 83, 88 (noting that it is a waste of judicial resources to hold a perfunctory hearing when the trial court finds the motion to be without merit).
 {¶ 13} Here, the trial court clearly considered Westerhaus' motion and even requested that he file a supplemental brief in support of the motion. After reviewing the motion and brief, the trial court denied Westerhaus' request for fees and costs. We cannot say that the trial court's denial of the motion was "so palpably and grossly violative of fact or logic" as to constitute an abuse of discretion.
 {¶ 14} Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Sweeney, J. concur.
[1] Claiming that Bancsi named him as a party to the suit against Papadelis' wishes, Westerhaus sought attorney fees solely from Bancsi.