JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Bruce Jackim ("Jackim"), appeals the trial court's denial of his motion for sanctions for frivolous conduct. Finding no merit to the appeal, we affirm.
 {¶ 2} Jackim's appeal arises from a lawsuit filed by his sister-in-law, plaintiff-appellee, Coralie Jurick ("Coralie"). In March 1999, Coralie purchased a condominium in Brookpark for $75,500. Jackim and Robert Jurick ("Robert"), Coralie's father, entered into an agreement with Coralie to buy her condominium to save it from foreclosure. She sold the condominium to Jackim and Robert for $70,000. The City of Cleveland then bought the condominium for $95,000 for airport expansion. She alleged that Jackim knew that she had a substance abuse problem and improperly negotiated the purchase price of the condominium below the fair market value. She further alleged that Jackim breached their contract by failing to pay the agreed purchase price.
 {¶ 3} The matter proceeded to arbitration, where the panel decided in Jackim's favor on Coralie's claims and assessed the costs to both parties. The court confirmed the arbitration decision. Jackim then moved for sanctions for frivolous conduct, which the trial court denied without a hearing. Jackim's motion included a fifteen-page brief in support as well as attachments.
 {¶ 4} Jackim now appeals, raising one assignment of error, in which he argues that the trial court abused its discretion by denying his motion for attorney *Page 4 
fees without conducting a hearing. He seeks $2,400 in attorney fees because he claims Coralie's complaint was "factually groundless."
 {¶ 5} R.C. 2323.51 governs the award of attorney fees and costs for frivolous conduct. "Frivolous conduct" includes conduct that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." Id. The statute, however, does not mandate such an award. Papadelis v.Makris, Cuyahoga App. No. 84046, 2004-Ohio-4093. Rather, the decision to grant or deny attorney fees is within the sound discretion of the trial court. Id.; Taylor v. Franklin Blvd. Nursing Home, Inc. (1996),112 Ohio App.3d 27, 677 N.E.2d 1212; Evans v. Bossin (1995), 107 Ohio App.3d 544,546, 669 N.E.2d 87.
 {¶ 6} Thus, we review a trial court's denial of attorney fees and costs under an abuse of discretion standard. Id.; Yellow PagePublishers, Inc. v. Housden, Cuyahoga App. No. 83827, 2004-Ohio-3603. The trial court's decision must be more than an error of law or judgment; its ruling "must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. FairviewGen. Hosp., 75 Ohio St.3d 254,1996-Ohio-159, 662 N.E.2d 1.
 {¶ 7} In the instant case, Jackim fails to offer any evidence that the trial court's denial of his motion for attorney fees constituted an abuse of discretion. *Page 5 
Even if the claims against him were frivolous, the court had discretion to deny the motion for attorney fees. See Cowan v. Flament (Mar. 30, 2000), Cuyahoga App. No. 76900.
 {¶ 8} Furthermore, although R.C. 2323.51 requires a trial court to hold a hearing before it grants a motion for attorney fees, a hearing is not required when the court determines, upon consideration of the motion and in its discretion, that the motion lacks merit. Housden. See also,Pisani v. Pisani (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355. The trial court had before it Jackim's brief and exhibits in support of the motion for sanctions, as well as Coralie's opposition brief.
 {¶ 9} Jackim has failed to demonstrate that the trial court's denial of the motion was "so palpably and grossly violative of fact or logic" as to constitute an abuse of discretion. Accordingly, the sole assignment of error is overruled.
 {¶ 10} Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
 ANTHONY O. CALABRESE, JR., J., and MARY J. BOYLE, J., CONCUR *Page 1