OPINION *Page 2 
{¶ 1} Appellant Mainsource Bank appeals the December 5, 2007, decision of the Stark County Common Pleas Court finding its conduct to be frivolous and awarding sanctions to Appellee Jay R. Winafeld.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 19, 2006, Appellant Mainsource Bank filed a complaint in foreclosure against Appellee Jay R. Winafeld. Appellee Winafeld answered the complaint.
 {¶ 3} Appellee then filed a Motion to Dismiss, alleging that Appellant did not have standing to file a foreclosure.
 {¶ 4} On December 14, 2006, Appellee was granted leave to file an Amended Answer Instanter. In this Answer, Appellee attached a check tendered to the mortgage holder, not Appellant, for the full amount of the mortgage dated December 12, 2006.
 {¶ 5} On December 15, 2006, Appellant filed an Objection to the Motion to Dismiss, averring that the mortgage was assigned to Appellant on October 20, 2006 and recorded with the Stark County Recorder on October 25, 2006.
 {¶ 6} The trial court granted the Motion to Dismiss. Thereafter, Appellee filed a Motion for Sanctions. The trial court set the Motion for Non-Oral Hearing. Appellant requested an oral argument on the Motion for Sanctions and filed a Response.
 {¶ 7} On February 5, 2007, the trial court issued a Judgment Entry granting the Motion for Sanctions and awarding attorneys fees. The Judgment Entry stated, "The Court has reviewed the motion for sanctions and the response filed herein. At the time of the filing of the within matter, the plaintiff was not a real party in interest and had no *Page 3 
legal right to file the within litigation. This is a pure simple fact in reviewing the pleadings, the documents submitted, and the other matters supplied by the respective sides. The Court finds that this constitutes a violation of Rule 11 and/or O.R.C. 2323.51. The Court finds no merit in any of the other contentions of the defendant regarding bad faith or frivolous conduct. The Court grants the request for sanctions to the extent that on the date the suit was filed plaintiff was not, in fact, a real party in interest in the within litigation. The Court grants sanctions in the amount of Two Hundred Dollars ($200.00) which shall be paid forthwith to counsel for the defendant. This shall constitute a final, appealable Order."
 {¶ 8} On February 6, 2007, the trial court denied the oral hearing.
 {¶ 9} Winafeld appealed the trial court's decision, raising the following sole Assignment of Error:
 {¶ 10} "The trial court erred in awarding Appellant [Winafeld] only a small fraction of the attorney's fees requested via his timely motion for sanctions."
 {¶ 11} Upon remand, the trial court conducted a hearing in this matter.
 {¶ 12} By Judgment Entry dated December 5, 2007, the trial court re-affirmed its finding that Appellant Mainsource Bank was not the real party in interest, therein having no legal right to file the Complaint in this matter. The trial court found that Appellant Mainsource's actions in filing said Complaint constituted a violation of Rule 11 and/or R.C. 2323.51 and awarded sanctions in the form of attorney fees.
 {¶ 13} Appellant Mainsource now appeals, assigning the sole error for review: *Page 4 
 ASSIGNMENT OF ERROR {¶ 14} "I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DETERMINING THAT APPELLANT/CROSS-APPELLEE'S FILING OF THE FORECLOSURE ACTION CONSTITUTED A VIOLATION OF RULE 11 AND/OR O.R.C. § 2323.51, THUS CONSTITUTING FRIVOLOUS CONDUCT."
 I. {¶ 15} Appellant argues that the trial court abused its discretion in finding frivolous conduct. We disagree.
 {¶ 16} Prior to addressing the merits of this assignment of error, we find it necessary to discuss the applicable standard of review. Both parties maintain the applicable standard of review is the abuse of discretion standard. We disagree with this conclusion pursuant to the case of Riston v. Butler, 149 Ohio App.3d 390, 777 N.E.2d 857,2002-Ohio-2308. In the Riston case, the First District Court of Appeals held as follows:
 {¶ 17} "* * * [W]e conclude that while the abuse-of-discretion standard is appropriate when reviewing a trial court's determination of whether a party has engaged in conduct merely to harass or maliciously injure another, an issue that necessarily involves factual considerations, it is improper for reviewing a trial court's determination whether a party has pursued a legally groundless claim. Because legally groundless frivolous conduct involves a question of law, we review it de novo." Id. at ¶ 22, 777 N.E.2d 857.
 {¶ 18} Where a trial court has found the existence of frivolous conduct, the decision whether or not to assess a penalty lies within the sound discretion of the trial *Page 5 
court. Id. at 52, 673 N.E.2d 628. Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable. Tracy v.Merrell-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152,569 N.E.2d 875. However, the only issue being appealed in the instant case is the trial court's frivolous conduct determination, not the decision to award sanctions or the amount thereof.
 {¶ 19} In the case sub judice, the trial court found that Appellant Mainsource Bank was not the real party in interest and therefore had no legal right to file the within litigation. The trial court found this to constitute a violation of Civ. R. 11 and R.C. § 2323.51.
 {¶ 20} R.C. § 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. `Frivolous conduct,' as defined in R.C. § 2323.51(A)(2)(a)(ii), includes conduct that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 {¶ 21} Civ. R. 11 governs the signing of motions, pleadings and other documents and states as follows in pertinent part:
 {¶ 22} "The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and *Page 6 
the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."
 {¶ 23} Based on the foregoing, we shall review this assignment of error under a de novo standard of review.
 {¶ 24} The record in this matter establishes the assignment of the underlying mortgage in this case was not filed until after this foreclosure action was filed. (T. at 23). In fact, the assignment was dated after the date of the filing of the foreclosure action. Id.
 {¶ 25} Based on the above, under a de novo review of the facts and the law, we conclude the trial court properly granted Appellee's motion for sanctions.
 {¶ 26} Appellant's assignment of error is overruled.
 {¶ 27} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J., Hoffman, P. J. and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1