[Cite as *ABN AMRO Mtge. Group, Inc. v. Evans*, 2013-Ohio-1557.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   98777

---

## ABN AMRO MORTGAGE GROUP, INC.

### PLAINTIFF-APPELLEE

vs.

## MARK EVANS, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-589598

**BEFORE:**   Boyle, J., Stewart, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   April 18, 2013

**ATTORNEYS FOR APPELLANTS**

Susan M. Gray
Susan M. Gray Attorneys and Counselors
22255 Center Ridge Road, Suite 210
Rocky River, Ohio    44116

Thomas C. Loepp
Maistros & Loepp, Ltd.
3580 Darrow Road
Stow, Ohio    44224

**ATTORNEYS FOR APPELLEE**

Karen M. Cadieux
David A. Wallace
Carpenter Lipps & Leland L.L.P.
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio    43215

MARY J. BOYLE, J.:

{¶1}   Defendants-appellants, Mark and Irene Evans, appeal the trial court's

decision denying their motion for sanctions, raising two assignments of error:

> [I.] The trial court erred as a matter of law and to the prejudice of Mark and
> Irene Evans in denying their motion to strike appellee's untimely
> memorandum in opposition to defendants' motion for sanctions.
>
> [II.] The trial court erred as a matter of law and the prejudice of Mark and
>
> Irene Evans in denying their motion for sanctions.

{¶2} Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶3}   In August 2002, the Evanses refinanced the mortgage encumbering their

property located at 27008 Pondside Point, Olmsted Falls, Ohio, by securing a loan from

plaintiff-appellee, ABN AMRO Mortgage Group, Inc. ("ABN AMRO").[1]   On August 7,

2002, the Evanses executed a promissory note payable to ABN AMRO in the sum of

$300,700.   This note was secured by a mortgage on the subject property in the same

amount.

{¶4}   In November 2005, the Evanses stopped making payments on the mortgage,

and ABN AMRO subsequently brought a foreclosure action against them in April 2006.

The Evanses answered the complaint, wherein they did not raise any affirmative defenses

---

[1]   ABN AMRO merged with CitiMortgage, Inc. after the filing of the underlying case. CitiMortgage, however, was never formerly substituted in place of ABN AMRO, and therefore the trial court continued to refer to plaintiff as ABN AMRO.

or counterclaims and admitted that they were in default. In response to ABN AMRO's motion for summary judgment, the Evanses filed an amended answer, asserting several affirmative defenses, counterclaims, and third-party claims. ABN AMRO moved to strike the amended pleading on the grounds that it was filed without leave of court. The trial court granted the motion to strike, along with ABN AMRO's motion for summary judgment. The Evanses appealed, and this court reversed the trial court's decision, remanding the case to allow the Evanses to file their amended answer with affirmative defenses, counterclaims, and third-party claims and reversing the grant of summary judgment. *See ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. No. 90499, 2008-Ohio-4223 ("*Appeal I*").

{¶5} Following remand, the Evanses filed their amended answer, counterclaims, and third-party claims. ABN AMRO moved for summary judgment on both its complaint and the Evanses' counterclaims. In July 2010, the trial court granted judgment in favor of ABN AMRO on the Evanses' counterclaims but denied its motion as to the complaint for foreclosure, finding that a genuine issue of material fact exists as to whether ABN AMRO had standing to maintain the case. In the magistrate's opinion, the magistrate noted that, although evidence exists that ABN AMRO was the owner of the note and mortgage when the case was filed, there was also evidence in the record that the Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the loan on September 6, 2002. The magistrate noted that "[w]hile it is possible that ABN AMRO was required to repurchase the loans from Freddie Mac under certain conditions, ABN

AMRO has not produced any evidence that such a repurchase has occurred or, if it has occurred, when."

**{¶6}** The magistrate then subsequently granted the Evanses' motion for a commission to take the deposition of a representative of Freddie Mac, limited to the issue of real party in interest and standing. Following the taking of the deposition, the magistrate set a new dispositive motion deadline on the issue of real party in interest and standing for November 9, 2010.

**{¶7}** Prior to the dispositive motion deadline, on September 29, 2010, ABN AMRO voluntarily dismissed its complaint without prejudice under Civ.R. 41(A)(1)(a). The Evanses subsequently filed a motion for sanctions under R.C. 2323.51 (frivolous conduct) and Civ.R. 11. ABN AMRO moved for additional time to respond to the Evanses' motion, which the trial court ultimately denied as moot when it denied the Evanses' motion for sanctions. In denying the Evanses' motion for sanctions, the trial court stated that the court was without jurisdiction to consider the motion because it was filed after the case was dismissed. The Evanses appealed this decision, and this court reversed the trial court's ruling, holding that the trial court was not without jurisdiction to consider a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51, despite the filing of a Civ.R. 41 voluntary dismissal. *See ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. No. 96120, 2011-Ohio-5654 ("*Appeal II*").

**{¶8}** In January 2012, following remand, the trial court set the Evanses' motion for sanctions for a hearing on March 9, 2012. Three days prior to the hearing, ABN

AMRO filed its brief in opposition to the motion for sanctions. Two days later, the Evanses moved to strike ABN AMRO's brief in opposition on the grounds that ABN AMRO failed to seek leave to file its untimely brief in opposition, which the trial court denied. Following the hearing on the Evanses' motion for sanctions, the Evanses filed a reply brief in support of their motion for sanctions as well as supplementary evidence in support of their motion for sanctions.

{¶9} The magistrate ultimately denied the Evanses' motion for sanctions and subsequently issued a detailed, 16-page opinion setting forth its reasoning. The trial court then adopted the magistrate's decision and overruled the objections filed by the Evanses. This appeal now follows.

{¶10} For ease of discussion, we will address the Evanses' assignments of error out of order.

Motion for Sanctions

{¶11} In their second assignment of error, the Evanses contend that the trial court erred in denying their motion for sanctions pursuant to R.C. 2323.51, Ohio's frivolous conduct statute, and Civ.R. 11. We disagree.

A.    *Standard of Review*

{¶12} The decision to grant sanctions under R.C. 2323.51 and Civ.R. 11 rests with the sound discretion of the trial court. *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 677 N.E.2d 1212 (8th Dist.1996). A reviewing court will not reverse a

trial court's decision to deny or grant sanctions absent an abuse of discretion. *Id.*; *see also Jurick v. Jackim*, 8th Dist. No. 89997, 2008-Ohio-2346.

{¶13} The "abuse of discretion" standard differs from a de novo standard of review because a de novo standard of review requires reversal if a reviewing court disagrees with the decision of law reached by the lower court. *Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Nos. 2012-L-015 and 2012-L-016, 2013-Ohio-60, ¶ 58. Conversely, when applying an abuse of discretion standard of review, a reviewing court cannot overturn a trial court's decision simply because it would reach a different result. *Id.* Instead, "an abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, citing *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8 Ed.Rev.2004).

{¶14} We note, however, that what constitutes frivolous conduct under R.C. 2323.51 may be a factual determination or a legal determination. On review, a trial court's findings of fact are given substantial deference and are reviewed under an abuse of discretion standard, while legal questions are subject to de novo review by an appellate court. *Borowski v. Showtime Builders, Inc. (In re Amato)*, 8th Dist. No. 92609, 2010-Ohio-67, ¶ 12, citing *State Farm Ins. Cos. v. Peda*, 11th Dist. No. 2004-L-082, 2005-Ohio-3405, ¶ 28. Similarly, whether a party has good grounds to assert a claim under Civ.R. 11 also involves a legal determination, subject to a de novo standard of review. *Jurczenko* at ¶ 57. But nonetheless, the ultimate decision whether to impose

sanctions for frivolous conduct remains wholly within the trial court's discretion. *Wheeler v. Best Emp. Fed. Credit Union*, 8th Dist. No. 92159, 2009-Ohio-2139, ¶ 42.

  *B. Civ.R. 11 and R.C. 2323.51*

**{¶15}** Ohio law provides two separate mechanisms for an aggrieved party to recover attorney fees, court costs, and other reasonable expenses arising out of frivolous conduct: R.C. 2323.51 and Civ.R. 11. *Sigmon v. S.W. Gen. Health Ctr.*, 8th Dist. No. 88276, 2007-Ohio-2117, ¶ 14. Although both provisions allow for the award of sanctions, they have separate standards of proof and differ in application. *Id.*

**{¶16}** Civ.R. 11 governs the signing of pleadings, motions, and other documents and provides in pertinent part:

> The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶17} In ruling on a motion for sanctions made pursuant to Civ.R. 11, a court "must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay." *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 290, 610 N.E.2d 1076 (9th Dist.1992). If the court determines that any of these requirements have not been met, it must then determine whether the violation was willful as opposed to merely negligent. *Id.* In deciding whether a violation was willful, the trial court must apply a subjective bad-faith standard. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 19. If the court determines that the violation was willful, it may impose appropriate sanctions. *See Taylor*, 112 Ohio App.3d 27, 677 N.E.2d 1212.

{¶18} R.C. 2323.51, conversely, applies an objective standard in determining frivolous conduct, as opposed to a subjective one. *Jurczenko*, 11th Dist. Nos. 2012-L-015 and 2012-L-016, 2013-Ohio-60, ¶ 52. The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Ceol* at 289.

{¶19} "Frivolous conduct" is defined under the statute, in pertinent part, as conduct that:

> (ii) * * * is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

> (iii) * * * consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have

evidentiary support after a reasonable opportunity for further investigation or discovery.

R.C. 2323.51(A)(2)(a)(ii)-(iii).

{¶20} In determining whether a claim itself is frivolous under the statute, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *Orbit Elecs., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 47 (8th Dist.), citing *Riston v. Butler*, 149 Ohio App.3d 390, 397-398, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.)

{¶21} The Evanses sought sanctions under both Civ.R. 11 and R.C. 2323.51, raising the same arguments, namely, that ABN AMRO did not have standing and that it asserted "false" claims and attached a "false" note to establish standing. Relying on the evidence that ABN AMRO sold the promissory note to Freddie Mac prior to the filing of the foreclosure action, the Evanses contended that ABN AMRO falsely asserted that they were the owner and holder of the note in its complaint filed in 2006. They further argued that ABN AMRO must be sanctioned for attaching a "false" note to its complaint in further support of its claim of standing.

{¶22} While the Evanses' arguments appear compelling and suggest frivolous conduct, we find that they lack merit and that the trial court did not abuse its discretion in denying their motion. In this case, the critical issue is whether ABN AMRO had a good faith basis, both subjectively and objectively, to prosecute the foreclosure action. The record clearly supports the trial court's decision that it did, thereby rendering the award of

any sanctions inappropriate. *See James Lumber Co. v. Nottrodt*, 8th Dist. No. 97288, 2012-Ohio-1746.

*Standing*

**{¶23}** A party that fails to establish an interest in a note or mortgage at the time it files suit has no standing to invoke the jurisdiction of the court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28. Further, it is fundamental to any civil action that the case be prosecuted "in the name of the real party in interest." Civ.R. 17(A). In a foreclosure action, the entity that is the current "holder" of the mortgage and note (or otherwise is entitled to enforce the note under R.C. 1303.01, et seq.) is the real party in interest. *See U.S. Bank Natl. Assn. v. Mitchell*, 6th Dist. No. S-10-043, 2012-Ohio-3732, ¶ 10, 17*; see also Deutsche Bank Natl. Trust Co. v. Triplett*, 8th Dist. No. 94924, 2011-Ohio-478. Notably, the current holder of the note and mortgage is entitled to bring a foreclosure action against a defaulting mortgagor even if the current holder is not the owner of the note and mortgage. *See BAC Home Loans Servicing, L.P. v. Kolenich*, 12th Dist. No. CA2012-01-001, 2012-Ohio-5006, citing R.C. 1303.31(A) (recognizing that a person entitled to enforce a negotiable instrument includes the "holder of the instrument") and 1303.31(B) (recognizing that a "person may be a 'person entitled to enforce' the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument").

**{¶24}** In this case, the trial court found that conflicting evidence exists as to the note at issue, i.e., two different versions — one attached to the complaint that is payable to ABN AMRO without further endorsement, and one mentioned in the deposition of a Freddie Mac representative that is endorsed in blank. Despite this conflicting existence, the court held that "evidence exists that ABN AMRO was entitled to enforce the note at the time the case was filed regardless which version of the note existed at that time."

*Note Endorsed in Blank*

**{¶25}** For ease of our analysis, we will first address the note endorsed in blank that was mentioned during the deposition of Freddie Mac's representative (David Wilson). The Evanses argue that this is the governing note and that Freddie Mac, not ABN AMRO, owned and possessed it at the time the foreclosure action was filed. The trial court rejected this argument, finding that evidence existed through affidavit testimony that ABN AMRO had possession of the note and that even Wilson's testimony revealed that a third-party custodian maintained the note for the benefit of ABN AMRO. We defer to the trial court's finding, which is supported by the record.

**{¶26}** And because there is evidence that ABN AMRO had possession of the note endorsed in blank at the time the lawsuit was filed, ABN AMRO would be entitled to enforce the note as a holder. *See* R.C. 1303.31(A)(1). Further, there is no dispute that ABN AMRO was the mortgagee of record on the mortgage. Thus, if ABN AMRO was entitled to enforce the note at the time the complaint was filed and as mortgagee on the

mortgage, ABN AMRO would have standing to foreclose. *See Mtge. Electronic Registration Sys. v. Mosley*, 8th Dist. No. 93170, 2010-Ohio-2886, ¶ 18-21.

*Note Attached to the Complaint*

{¶27} The note attached to the complaint was payable to ABN AMRO. With this note, ABN AMRO would be entitled to enforce it as its original payee. *See* R.C. 1303.08 and 1303.01.

{¶28} The Evanses contend that the note attached to the complaint cannot be the governing note because the note was sold to Freddie Mac prior to the filing of the lawsuit and contained no endorsement. The trial court, however, implicitly rejected the Evanses' arguments that this version of the note was attached in bad faith or to deceive the court. Indeed, the trial court treated this version of the note as contradictory evidence that precluded the award of summary judgment in ABN AMRO's favor.

{¶29} But the Evanses maintain on appeal that ABN AMRO's attachment of an earlier version of the note to the complaint evidences its bad faith and mandates the award of sanctions. We disagree. First, any claim of bad faith is negated by the fact that evidence exists in the record to support a finding that ABN AMRO is the real party in interest with standing to foreclose. Contrary to the Evanses' assertion, this is not a case of an unknown entity trying to wrongly force them out of their home. ABN AMRO has been the mortgagee on the loan from its inception and has been servicing the loan, i.e., receiving payments on the loan, the entire time that the Evanses have been making them. The sale of the promissory note to Freddie Mac did not change this. Indeed, under the

servicing agreement between Freddie Mac and ABN AMRO, ABN AMRO is the proper party to bring any foreclosure on Freddie Mac's behalf. Thus, the concern of the Evanses subsequently facing another lawsuit filed by Freddie Mac simply does not exist.

{¶30} Second, the trial court presided over this very contentious case for over six years. The trial court was in the best position to ascertain the parties' intent. And here, the trial court clearly did not find that the allegations of the complaint and supporting evidence were made in bad faith or willful disregard of Civ.R. 11. Instead, the trial court refused to grant summary judgment on the complaint for foreclosure due to the conflicting evidence. And while we may agree that the attachment of an earlier version of the note to the complaint is negligent, we cannot say, as a matter of law, that it was willful or done so with a bad purpose.

{¶31} Finally, the Evanses' reliance on the Fifth District's decision in *Mainsource Bank v. Winafeld*, 5th Dist. No. 2008CA00001, 2008-Ohio-4441, for the proposition that sanctions are mandated in this case is misplaced. In *Winafeld*, the appellate court was solely reviewing the trial court's frivolous- conduct determination, the only issue being appealed, "not the decision to award sanctions or the amount thereof." *Id.* at ¶ 18. Contrary to the Evanses' assertion, *Winafeld* does not hold that sanctions are required if standing is lacking.

{¶32} Notably, even if this court had found that ABN AMRO lacked standing to bring the action, the ultimate decision to grant sanctions still rests with the trial court. Neither Civ.R. 11 nor R.C. 2323.51 mandate the award of sanctions if a trial court finds a

wilful violation of Civ.R. 11 or frivolous conduct as defined under the statute — instead, both bestow the trial court with discretion to impose sanctions.

{¶33} Accordingly, having agreed with the trial court that ABN AMRO had a good faith basis in prosecuting the foreclosure action, we find that the trial court did not abuse its discretion in denying the Evanses' motion for sanctions. The second assignment of error is overruled.

Motion to Strike

{¶34} In their first assignment of error, the Evanses contend that the trial court abused its discretion in denying their motion to strike ABN AMRO's brief in opposition to their motion for sanctions. We disagree.

{¶35} The record reveals that the trial court initially denied ABN AMRO's unopposed motion for additional time to respond to the Evanses' motion for sanctions as moot when it first denied the motion for sanctions upon a finding that it lacked jurisdiction. Upon this court's reversal of the trial court's decision in *Appeal II*, the case was remanded with specific instructions for the trial court to decide the merits of the Evanses' motion for sanctions. Prior to the hearing on the motion, ABN AMRO filed its brief in opposition. Notably, ABN AMRO had not previously had the opportunity to file its brief in opposition because of the trial court's finding of a lack of jurisdiction.

{¶36} The Evanses argue that Loc.R. 11 imposed a seven-day deadline for filing a brief in opposition to its motion for sanctions upon the case being "reactivated" after remand. The Evanses, however, fail to cite any authority in support of this argument.

We fail to see how Loc.R. 11 applies in this case with respect to the motion for sanctions that had been denied by the trial court and never refiled. We therefore find no grounds to support the Evanses' motion to strike ABN AMRO's brief in opposition under the facts of this case. *See generally Kolenich*, 12th Dist. No. CA2012-01-001, 2012-Ohio-5006, ¶ 26 (noting that the issuance of a "remand" by an appellate court does not trigger the 14-day time limit set forth in Civ.R. 12 for purposes of a responsive pleading).

{¶37} Moreover, we cannot fault the trial court for wanting to hear both sides of the argument prior to the hearing. Indeed, the filing of the brief in opposition assists the trial court and does not unfairly prejudice the Evanses. Further, the Evanses were permitted the opportunity to file a reply brief in support of their motion for sanctions and to supplement the record following the hearing. Based on these circumstances, we simply cannot agree that the trial court abused its discretion in denying the Evanses' motion to strike.

{¶38} The first assignment of error is overruled.

{¶39} In summary, we find that the trial court exercised sound discretion in this case by denying the Evanses' motion to strike and their motion for sanctions.

{¶40} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, A.J., and
TIM McCORMACK, J., CONCUR