[Cite as *Dennison v. Lake Cty. Commrs.*, 2014-Ohio-4295.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| TED A. DENNISON, et al., | : | **O P I N I O N** |
| Appellants, | : | |
| - vs - | : | **CASE NO. 2013-L-097** |
| LAKE COUNTY | : | |
| COMMISSIONERS, et al., | | |
| | : | |
| Defendants, | : | |
| MADISON TOWNSHIP TRUSTEES, | : | |
| Appellee. | : | |
| | : | |

Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 002814.

Judgment: Affirmed.


*Kenneth L. Piper,* 3503 Carpenter Road, Ashtabula, OH 44041 (For Appellants).

*Gary L. Pasqualone,* Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Ted A. Dennison and Cindy A. Dennison, appeal the judgment of the Lake County Court of Common Pleas denying their post-judgment motion for attorney fees. The Dennisons had appealed to the trial court a decision by the Lake County Commissioners granting the request of appellee, the Madison Township

Trustees, to vacate a township road. The trial court entered judgment in favor of the Dennisons on their appeal, but denied their later motion for attorney fees. At issue is whether the trustees' defense of the Dennisons' appeal amounted to frivolous conduct in violation of R.C. 2323.51, entitling the Dennisons to an award of their attorney fees. Because we hold the trustees' defense did not constitute frivolous conduct, we affirm.

{¶2} The evidence at trial, as pertinent to the Dennisons' motion for fees, revealed that the Dennisons purchased a parcel of land on South Linda Lane in Madison Township in 2005. South Linda Lane was established as a township road by a plat map that was recorded with the Lake County Recorder in 1957. South Linda Lane is an existing right of way that was dedicated by its former owners by said plat map for public purposes as a road.

{¶3} In 2012, the Dennisons applied for a zoning permit for a residence to be built on South Linda Lane. The permit was granted, but the township gave appellants a zoning permit using an address on intersecting Dock Road. Thereafter, the Trustees passed a resolution requesting that the Lake County Commissioners vacate South Linda Lane on the ground that the road is not used or maintained for the public. On August 24, 2012, the Trustees filed the resolution with the commissioners. On September 27, 2012, the commissioners held a hearing on the resolution. The evidence submitted to the commissioners included a report prepared by the Lake County Engineer recommending that the road be vacated. The commissioners did not decide the matter within 60 days of the filing of the resolution. The commissioners' inaction is deemed by statute to grant the trustees' request to vacate South Linda Lane, effective October 23, 2012.

2

**{¶4}** On the same date, October 23, 2012, the Dennisons appealed the commissioners' decision vacating South Linda Lane to the trial court. They also filed a motion to stay the vacation while their appeal was pending, and the trial court granted same. The Dennisons requested a jury trial, which took place between June 3 and June 5, 2013. The issue at trial was whether the vacation of South Linda Lane was conducive to the public welfare and convenience. The parties presented conflicting evidence on this issue. Following the trial, the jury returned a verdict in favor of the Dennisons, finding that the vacation of South Linda Lane would not be conducive to the public welfare and convenience. On June 12, 2013, the trial court entered judgment on the verdict in favor of the Dennisons. The Trustees appealed the judgment. This court affirmed that judgment in *Dennison v. Lake County Commissioners*, 11th Dist. Lake No. 2013-L-067.

**{¶5}** One month after the trial court entered judgment in favor of the Dennisons, i.e., on July 12, 2013, they filed a motion for their attorney fees, arguing the trustees' and their attorney's defense of their appeal in the trial court constituted frivolous conduct under R.C. 2323.51, for which they sought an award in the amount of $52,554. In support, the Dennisons attached to their motion the affidavit of appellant, Ted A. Dennison; the affidavit of the Dennisons' attorney, Kenneth L. Piper; and an itemized statement of Mr. Piper's attorney fees. The trustees filed a brief in opposition. On September 16, 2013, the trial court entered judgment denying the Dennisons' motion for attorney fees and their request for a hearing on that motion.

**{¶6}** The Dennisons appeal the trial court's judgment denying their motion for attorney fees, asserting the following for their sole assignment of error:

{¶7} "The trial court erred in overruling Appellants' Motion for Attorney Fees."

{¶8} The Dennisons raise two issues under this assigned error. First, they argue the trial court abused its discretion in not holding an oral hearing on their motion.

{¶9} Ohio's frivolous conduct statute, R.C. 2323.51, provides for an award of attorney fees for frivolous conduct committed by a party or his attorney in connection with a civil action. "Frivolous conduct" is defined at R.C. 2323.51(A)(2)(a), as pertinent here, as conduct of a party to a civil action or that party's attorney that satisfies any of the following:

{¶10} (i) It obviously serves merely to harass or maliciously injure another party to the civil action * * * or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶11} (ii) It is not warranted under existing law * * *.

{¶12} (iii) The conduct consists of allegations * * * that have no evidentiary support * * *.

{¶13} This court set forth the applicable standard of review of a trial court's ruling on a motion for attorney fees alleging frivolous conduct in *Curtis v. Hard Knox Energy, Inc.*, 11th Dist. Lake No. 2005-L-023, 2005-Ohio-6421, ¶15, as follows:

{¶14} The question of what constitutes frivolous conduct may be either a factual determination, e.g., whether a party engages in conduct to harass or maliciously injure another party, or a legal determination, e.g., whether a claim is warranted under existing law. "[A] trial court's findings of fact are to be accorded substantial deference * *

4

* and are reviewed under an abuse of discretion standard" while legal questions are "subject to de novo review by an appellate court." *State Farm Ins. Cos. v. Peda*, 11th Dist. [Lake] No. 2004-L-082, 2005-Ohio-3405, at ¶28. The ultimate decision whether to impose sanctions for frivolous conduct, however, remains wholly within the trial court's discretion. *Edwards v. Livingstone*, 11th Dist. [Ashtabula] Nos. 2001-A-0082 and 2002-A-0060, 2003-Ohio-4099, ¶17.

{¶15} Further, while a hearing is required by R.C. 2323.51(B)(2) before a court can *grant* an award of attorney fees, this court has held that "'a hearing is not required where the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant.'" *Brancatelli v. Soltesiz*, 11th Dist. Lake No. 2011-L-012, 2012-Ohio-1884, ¶79, quoting *Huddy v. Toledo Oxygen & Equip. Co.*, 6th Dist. Lucas No. L-91-32, 1992 Ohio App. LEXIS 2390, *5 (May 8, 1992). A hearing on a motion for attorney fees alleging frivolous conduct is not required when the court determines, in its discretion, that the motion lacks merit. *Bigelow v. Nguyen*, 7th Dist. Columbiana No. 08 CO 48, 2009-Ohio-3325, ¶24; *Papadelis v. Makris*, 8th Dist. Cuyahoga No. 84046, 2004-Ohio-4093, ¶12. Thus, the trial court's decision not to hold a hearing on a motion for attorney fees alleging frivolous conduct is reviewed for an abuse of discretion. *Bigelow, supra*.

{¶16} The trial court in its judgment denying the Dennisons' motion found that because the Lake County Engineer prepared a report recommending the commissioners vacate the road, there was an evidentiary basis for the trustees'

5

defense, which was therefore not frivolous. The Dennisons argue, however, that the court should have held a hearing on their motion because the trustees decided to vacate South Linda Lane *before* the Engineer prepared his report, dated September 24, 2012. The Dennisons argue that if such hearing was held, they would have presented evidence that the trustees' filing of their resolution to vacate with the commissioners was frivolous since it was improperly motivated by the Dennisons' decision to build on their property. The Dennisons' argument lacks merit for two reasons.

**{¶17}** First, even though the trustees filed their resolution with the commissioners before the county engineer prepared his report, the fact that the engineer also determined that the road should be vacated provided evidentiary support for the trustees' filing of their resolution, regardless of its timing.

**{¶18}** Second, contrary to the Dennisons' argument, the filing of the trustees' resolution, by definition, could not constitute frivolous conduct. "Conduct" is defined by Ohio's frivolous conduct statute as "[t]*he filing of a civil action*, the assertion of a claim, defense, or other position *in connection with a civil action*, the filing of a pleading, motion, or other paper *in a civil action*, * * * or the taking of any other action *in connection with a civil action*." (Emphasis added.) R.C. 2323.51(A)(1)(a). Further, "[a] civil action is commenced by *filing a complaint with the court*, if service is obtained within one year from such filing upon a named defendant * * *." (Emphasis added.) Civ.R. 3(A). Thus, in order to serve as the basis for a finding of frivolous conduct, the conduct at issue must be the filing of *a civil action* or any other action taken *in connection with a civil action filed in court*. An appeal from a decision of the county commissioners in any road improvement proceeding to the trial court is treated as a civil

action. R.C. 2506.03(A); R.C. 5563.09. The first instance of "conduct" in this matter was the filing, by the Dennisons, of their notice of appeal in the trial court, which occurred on October 23, 2012. Thus, a civil action did not exist in this matter until that date. As a result, the filing of the trustees' resolution with the commissioners on August 24, 2012, two months prior to the filing of this action by the Dennisons, could not, by definition, constitute frivolous conduct.

{¶19} Further, the Dennisons argue that, because the trial court did not hold a hearing on their motion for attorney fees, the trial court had no evidence of the "facts used by the Trustees in initiating the road vacation." However, to the contrary, Mr. Dennison testified at trial concerning the reason the trustees filed their petition. He said that in August 2012, when he picked up his zoning permit for his house, Larry Advey, the township administrator, told him he wanted to vacate the road because the township was not going to maintain it. Moreover, in Mr. Dennison's affidavit filed in support of the Dennisons' motion for attorney fees, he stated that the township threatened to abandon South Linda Lane in response to his plan to build his residence on that road.

{¶20} In contrast, Mr. Advey testified at trial that the trustees decided to vacate South Linda Lane because it was merely a "paper road," meaning the township is not required to maintain it. He said he recommended to the trustees that they vacate the road because the township is not responsible for its maintenance.

{¶21} Thus, contrary to the Dennisons' argument, evidence was presented at trial by both parties regarding the trustees' reason for filing its resolution to vacate with the commissioners. Thus, there was no need for the court to set another hearing at which the same evidence would have been presented.

7

**{¶22}** Further, the Dennisons argue that, in light of the jury's verdict in their favor, the trustees' initial filing of their resolution to vacate South Linda Lane with the commissioners constituted frivolous conduct. However, as noted above, since the trustees filed the resolution to vacate South Linda Lane with the commissioners several months before the Dennisons commenced this civil action, the trustees' filing of the resolution did not constitute frivolous action. Moreover, the fact that the jury found in favor of the Dennisons does not mean there was no factual or legal basis for the trustees' defense. It simply means that the jury found the Dennisons' evidence to be more credible than that presented by the trustees.

**{¶23}** In its judgment denying the Dennisons' request for a hearing, the trial court found that the trustees' defense was not frivolous; that the Dennisons did not raise any issue in their motion of which the court was not already aware during the pendency of this action; and that a hearing on the motion would be perfunctory, meaningless, and redundant. In light of the evidence presented at trial and submitted in support of the Dennisons' motion, we cannot say the trial court abused its discretion in not holding an oral hearing on the motion.

**{¶24}** For their second issue, the Dennisons argue the trustees' defense of the Dennisons' appeal constituted frivolous conduct because it evidenced an intent to harass and maliciously injure the Dennisons. In support, the Dennisons argue that during the trustees' meeting of April 9, 2013, which was two months prior to the jury trial, the trustees' attorney, Ron Graham, advised them that "the township is in a "no lose" situation because, even if the court rules against the township, there is nothing that the township will be required to do." The Dennisons argue that, based on this legal

8

advice, the township was no longer justified in defending against the Dennisons' appeal. However, Mr. Graham was merely advising the trustees with respect to their exposure in the event they were to lose on the Dennisons' appeal in the trial court. Mr. Graham told the trustees that, because South Linda Lane was a paper road, even if the court were to rule that South Linda Lane should not be vacated, the trustees would not be required to maintain the road. He thus advised them that there was little risk to the township if the trustees continued to defend against the appeal. However, Mr. Graham did not advise them that their defense was not warranted by the evidence or under existing law. Thus, Mr. Graham's advice to the trustees provided no evidence that their continued defense of appellants' appeal in the trial court constituted frivolous conduct.

{¶25} The trial court in its judgment found that the engineer's report provided evidentiary support for the trustees' defense, and, further, that their defense was warranted under existing law and thus not frivolous. In light of the evidence presented by the trustees and the Dennisons' failure to cite any pertinent case law holding that in these circumstances the trustees' defense was frivolous, we hold the trial court did not abuse its discretion in denying the Dennisons' motion for attorney fees.

{¶26} For the reasons stated in this opinion, appellants' assignment of error lacks merit and is overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

9