THE STATE EX REL. DREAMER ET AL., APPELLEES,
*v.* MASON, PROS. ATTY., APPELLANT.

[Cite as *State ex rel. Dreamer v. Mason,*
115 Ohio St.3d 190, 2007-Ohio-4789.]

(No. 2007–0379—Submitted September 12, 2007—Decided September 20, 2007.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of mandamus in favor of certain elections board employees to compel a county prosecutor to provide access to files relating to the 2004 general election and recount based upon the board's waiver of its attorney-client privilege regarding these files. Because appellees disclaimed any entitlement to these records under R.C. 149.43, the

Public Records Act, they have or had adequate remedies in the ordinary course of law to obtain these files in order to defend against criminal charges. Therefore, we reverse that portion of the judgment of the court of appeals.

{¶ 2} Pursuant to R.C. 309.09(A), the Cuyahoga County Prosecuting Attorney acts as the legal advisor of the Cuyahoga County Board of Elections. Appellant, Cuyahoga County Prosecuting Attorney William Mason, delegated the responsibility for representing the board of elections to Assistant Prosecuting Attorneys Reno Oradini and Kathleen Martin. In December 2004, the board of elections conducted a recount of the votes cast during the November 2004 general election. Appellees, Kathleen Dreamer, Rosie Grier, and Jacqueline Maiden, were employed by the board of elections during the 2004 general election and recount.

{¶ 3} In August 2005, Mason recused himself as prosecutor in a criminal investigation of the board's handling of the 2004 general election and recount, and upon his motion, the Cuyahoga County Court of Common Pleas appointed Erie County Prosecuting Attorney Kevin Baxter as special prosecutor "in the matter of the grand jury investigation concerning allegations of fraud in connection with the Cuyahoga County Board of Elections recount of the 2004 general election, and in any legal action available that he considers necessary and appropriate." Dreamer, Grier, and Maiden were subsequently indicted on charges of violating R.C. 3599.16 (misconduct of members or employees of board of elections), R.C. 3599.17 (failure of registrars, judges, and clerks to perform duties), R.C. 3599.32 (failure of election official to enforce law), R.C. 3599.23 (knowingly or unlawfully opening or permitting to open a sealed package containing ballots or other forms), and R.C. 3599.24 (interference with conduct of election). Shortly after appellees were indicted, the elections board released a statement publicly supporting the conduct of its employees during the 2004 election and recount.

{¶ 4} Dreamer requested that the board waive its attorney-client privilege regarding the board's representation by the Cuyahoga County Prosecutor's office in order to obtain records to assist in her criminal defense. The board approved "a waiver of the attorney-client privilege as it relates to legal counsel to the Board, namely, the Cuyahoga County Prosecutor's Office, solely with respect to Cuyahoga County Court of Common Pleas[ ] Case Number CR–05–470245B, *The State of Ohio vs. Kathleen Dreamer.*"

{¶ 5} Dreamer, through counsel, then requested that Mason's office provide "all information in its possession in relation to" the criminal case, including all information "relating to the November 2004 recount." In a follow-up request, Dreamer's counsel requested "pursuant to the Public Records Act, Ohio Revised Code § 149.43, and the attorney-client waiver, * * * the files of Kathleen Martin and Reno Oradini regarding the recount that took place following the November 2004 general election." After the prosecutor denied the requests, Dreamer's

attorney reiterated that Dreamer was entitled to these materials "since the Board of Elections has waived its attorney-client privilege as it relates to this matter."

{¶ 6} Upon the common pleas court judge's suggestion, Dreamer's counsel issued a subpoena in her criminal case to the custodian of records for the prosecutor's office for the requested records. The common pleas court granted the motion of the prosecutor's office to quash the subpoena and granted a protective order. The court also ordered the special prosecutor to submit the requested records under seal for the court's in camera inspection. The county prosecutor's office later denied a request by the board of elections for the files related to the 2004 presidential election recount.

{¶ 7} In December 2006, upon the request of Dreamer's counsel, Special Prosecutor Baxter provided a large portion—but not all—of the requested records to Dreamer.

{¶ 8} In January 2007, appellees, Dreamer, Grier, and Maiden, in case No. 89249, filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Mason to provide them with the elections board's files concerning the 2004 general election. In their complaint, appellees claimed entitlement to the writ because "the Board of Elections has waived its attorney-client privilege with respect to these files and has granted [appellees] permission to review these files" and based upon DR 9–102(B)(4) (requiring prompt delivery upon request of client's property in the lawyer's possession). Mason moved to dismiss. Appellees filed a response to the dismissal motion in which they claimed that Mason was trying "to avoid the real issues at hand by making the erroneous argument that Criminal Rule 16 and the Public Records Act apply to [appellees'] request" to Mason and that appellees were seeking these documents "pursuant to the attorney-client waiver voted on and approved by the Board of Elections on September 26, 2005 and in the presence of its legal counsel, not the Public Records Act."

{¶ 9} The court of appeals consolidated appellees' mandamus case (case No. 89249) with a mandamus case instituted against Mason by the board of elections (case No. 89250) for purposes of hearing and decision. In case No. 89250, the board was represented by the same attorneys who represented appellees in case No. 89249, and the board sought the same records as in case No. 89249.

{¶ 10} On January 22, 2007, the court of appeals, in a two-to-one decision, denied Mason's motion to dismiss appellees' complaint in case No. 89249 and granted a writ of mandamus to compel Mason to provide appellees with the files of his office relating to the 2004 general election and ensuing recount. In case No. 89250, the court of appeals dismissed the board's complaint because it had not been properly instituted by the board's authorized counsel. The court also denied Mason's motion for Civ.R. 11 sanctions in case No. 89250. In this appeal

as of right, Mason challenges the court of appeals' issuance of the writ of mandamus in case No. 89249 and its denial of his motion for sanctions in case No. 89250.

## Mandamus

{¶ 11} In order to be entitled to the requested extraordinary relief in mandamus, appellees had to establish a clear legal right to the records related to the 2004 election and recount, a corresponding clear legal duty on behalf of the county prosecutor to provide these records, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.*, 112 Ohio St.3d 438, 2007-Ohio-323, 860 N.E.2d 749, ¶ 13.

{¶ 12} Appellees have not established this requirement, because mandamus will not lie to control judicial discretion, even if that discretion is abused. *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3; R.C. 2731.03. In essence, appellees are challenging the trial judge's pretrial discovery decision to quash appellees' subpoena for the requested records. But this challenge is not permitted. See *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888 ("given the discretionary authority vested in [the trial court judge] in discovery matters * * *, an extraordinary writ will not issue to control her judicial discretion, even if that discretion is abused"); *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 16, 706 N.E.2d 765 ("Trial courts * * * have extensive jurisdiction over discovery, * * * so [an extraordinary writ] will not generally issue to challenge these orders"); *State ex rel. Sobczak v. Skow* (1990), 49 Ohio St.3d 13, 14, 550 N.E.2d 455 ("mandamus cannot be used as a substitute for appeal or to create an appeal from an order, like a discovery ruling, that is not final").

{¶ 13} Moreover, appellees had an adequate remedy at law by way of discovery in the criminal proceedings or a separate action in the ordinary course of law to seek these records, based on their reliance on the board's waiver of attorney-client privilege and DR 9–102(B)(4). "Mandamus is not appropriate if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 31. This alternate remedy provided complete, beneficial, and speedy relief sufficient to preclude extraordinary relief in mandamus. Insofar as appellees have already unsuccessfully invoked one of these alternate remedies by seeking to obtain the requested records in discovery in the criminal proceedings, the same issue cannot be relitigated in mandamus. See *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51, ¶ 6.

{¶ 14} In addition, the board's waiver expressly applied only to appellee Dreamer and not to the other appellees, Grier and Maiden. Therefore, the waiver would not entitle Grier or Maiden to the records.

{¶ 15} Finally, we note that appellees expressly disclaimed entitlement to the records based upon R.C. 149.43, the Public Records Act. Therefore, they are not entitled to the benefit of precedent obviating the requirement of the lack of an adequate legal remedy in public-records mandamus cases. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 41, quoting *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 580, 757 N.E.2d 357 (" 'the requirement of the lack of an adequate legal remedy does not apply to public-records cases' ").

{¶ 16} Based on the foregoing, the court of appeals erred in granting a writ of mandamus to compel the county prosecutor to provide the requested records. Accordingly, for the appeal from case No. 89249, we reverse the judgment of the court of appeals.

## Motion for Sanctions

{¶ 17} Mason also asserts that the court of appeals erred in denying his motion for sanctions pursuant to Civ.R. 11 in case No. 89250. Civ.R. 11 provides that for pleadings, motions, and other documents signed by attorneys representing parties in a case, the signature of an attorney "constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." The rule further provides that "[f]or a willful violation of this rule, an attorney * * *, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."

{¶ 18} We will not reverse a court's decision on a Civ.R. 11 motion for sanctions absent an abuse of discretion. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10.

{¶ 19} The court of appeals did not act in an unreasonable, arbitrary, or unconscionable manner in denying the motion for Civ.R. 11 sanctions. Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation must be willful. *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 9; *Ransom v. Ransom*, Warren App. No. 2006–03–031, 2007-Ohio-457, ¶ 25. There is no evidence of any willful violation by the attorneys who filed this mandamus action on behalf of the board; in fact, the court of appeals found that the attorneys made their argument in good faith. Therefore, we

affirm the judgment of the court of appeals denying Mason's motion for Civ.R. 11 sanctions in case No. 89250.

Judgment affirmed in part
and reversed in part.

MOYER, C.J., and O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur in judgment only.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

———————

Synenberg & Associates, L.L.C., Roger M. Synenberg, and Dominic J. Coletta; Rotatori, Bender, Gragel, Stoper & Alexander Co., L.P.A., Robert J. Rotatori, and Cara Santosuosso; Argie, D'Amico & Vitantonio and Dominic Vitantonio, for appellees.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellant.