[Cite as *Patel v. Crawford*, 2013-Ohio-2284.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

ARVIND PATEL,                    )
                                 )    CASE NO.   12 BE 28
        RELATOR,                 )
                                 )         OPINION
    - VS -                       )           AND
                                 )    JUDGMENT ENTRY
JUDGE DALE CRAWFORD,             )
                                 )
        RESPONDENT.              )


CHARACTER OF PROCEEDINGS:        Petition for Writ of Mandamus.


JUDGMENT:                        Petition for Writ of Mandamus Dismissed.


APPEARANCES:
For Relator:                     Arvind Patel, *Pro se*
                                 16 Renaissance Way
                                 Wheeling, West Virginia  26003


For Respondent:                  Attorney Christopher Berhalter
                                 Prosecuting Attorney
                                 Attorney David Liberati
                                 Assistant Prosecuting Attorney
                                 147-A West Main Street
                                 St. Clairsville, Ohio  43950


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                 Dated:   May 28, 2013

PER CURIAM.

¶{1}   Relator Arvind Patel filed a petition in this court asking for the issuance of a writ of mandamus against Respondent Belmont County Common Pleas Court Visiting Judge Dale Crawford, alleging that he failed to timely rule on his post-judgment motion for sanctions.   The trial court delayed its ruling due to ongoing appeals in the underlying action.   Once those appeals were completed, the trial court held a hearing and ruled.  Thus, this request for a writ is hereby denied as moot.

PROCEDURAL HISTORY

¶{2}   Relator filed suit against the Village of Bellaire, resulting in Belmont County Common Pleas Court Case Number 08CV412.   On November 4, 2010, the regular Belmont County Common Pleas Court Judge dismissed the action by way of summary judgment.  Relator filed a timely appeal, resulting in 7th Dist. No. 10BE27.

¶{3}   Due to various disputes presented by Relator in other cases, the original judge thereafter removed herself from all of Relator's cases.  In March of 2011, Judge Crawford was appointed to preside over Relator's cases.

¶{4}   On May 23, 2011, Relator filed a motion for sanctions in 08CV412 (among other cases).   His motion asked for Civ.R. 11 sanctions against the attorney for the Village of Bellaire, alleging that the Village's motion for summary judgment relied upon false affidavits of various village witnesses.

¶{5}   A hearing was held on the motion on June 3, 2011, where Judge Crawford mentioned that he was considering whether to dismiss the motion or to stay the motion pending completion of the appeal.   Notably, appellant has not filed a complete or an official transcript of the hearing.   From what he did attach to his petition, it can be seen that Judge Crawford asked him to file a document regarding these choices.

¶{6}   On July 26, 2012, Relator instead filed the present petition for a writ of mandamus in this court asking that we order Judge Crawford to exercise his jurisdiction and rule on the motion for sanctions.   Relator cited law supporting his position that Judge Crawford retains jurisdiction to rule on the motion for sanctions

pending the appeal in 7th Dist. No. 10BE27 because the motion entails a collateral matter.

¶{7} Judge Crawford filed an answer admitting that he has jurisdiction to rule on the motion for sanctions. The judge explained, however, that he exercised his sound discretion to delay ruling on the matter until the case was heard on appeal. Although the certificate of service mentioned a motion to dismiss, only an answer was filed.

¶{8} On September 24, 2012, this court issued a decision affirming the grant of summary judgment to the Village of Bellaire. *Patel v. Village of Bellaire*, 7th Dist. No. 10BE27, 2012-Ohio-4348. Relator appealed our decision to the Ohio Supreme Court.

¶{9} Relator also filed an affidavit of disqualification against this court in the Supreme Court asking that the judges on this panel be disqualified from ruling in the mandamus action due to our decision in his appeal. On December 17, 2012, the Chief Justice of the Ohio Supreme Court denied Relator's request for disqualification of the judges of this court assigned to consider the within original action. *In re Disqualification of Donofrio, et al.*, Sup. No. 12AP134, 2012-Ohio-6338. As we were now released to proceed in this original action, we asked for dispositive motions to be filed by the parties.

¶{10} On January 31, 2013, Relator submitted his first post-petition filing in this original action, which he termed a motion for judgment on the briefs under Civ.R. 12(C) and which is more appropriately labeled a motion for judgment on the pleadings. The motion stated in whole that the petition and attachments (the small portion of the transcript of the hearing on the motion for sanctions) speak for themselves and that judgment should be granted as sought in the petition.

¶{11} On February 20, 2013, the Supreme Court declined to accept jurisdiction of the appeal from our decision in 7th Dist. No. 10BE27, thus concluding the appellate process in 08CV412. On February 27, 2013, the state filed its response to Relator's request for judgment on the pleadings.

¶{12} On March 13, 2013, the trial court set Relator's motion for sanctions for hearing. The hearing was held on April 9, 2013. On April 24, 2013, the court issued its decision disposing of Relator's motion.

<u>LAW & ANALYSIS</u>

¶{13} When a Relator believes that a judge has unnecessarily delayed in ruling or has otherwise refused to issue a judgment, the most appropriate petition to file is one seeking procedendo, asking that the court "proceed" to judgment. *See State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 32; *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995). Still, a mandamus action can be used instead. *Id.*; *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5.

¶{14} In order to be entitled to the writ, the Relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the judge to provide it, and the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Stanley v. D'Apolito*, 7th Dist. No. 10 MA114, 2010-Ohio-4850, ¶ 3. In ruling on a request for a writ of mandamus or procedendo in such a scenario, we do not tell the trial judge how to rule but instead we tell the judge whether or not they have to immediately take action in the case. *Id.*

¶{15} As aforementioned, Judge Crawford urges that he had discretion to wait until the appellate process was completed on the grant of summary judgment before he determined whether sanctions were warranted on a motion alleging that the documents submitted in support of that summary judgment contained or relied upon perjury.

¶{16} In any event, where a Relator seeks to compel a trial court to rule on a pending motion, the trial court's grant or denial of the motion renders the action moot. *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 811 N.E.2d 1128, 2004-Ohio-3652, ¶ 9 (explaining that the court reviewing a request for a writ can consider the trial court's acts after the petition is filed); *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998) ("Neither procedendo nor mandamus will compel the performance of a duty that has already been performed."); *State ex rel. Howard v. Belmont County Common Pleas Court*, 7th Dist. No. 09BE22, 2009-Ohio-6811, ¶ 7.

**¶{17}** As the trial court has now ruled, this request for a writ is denied as moot.

**¶{18}** Final order. Costs taxed against Relator.

Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.