[Cite as *Patel v. Village of Bellaire*, 2014-Ohio-880.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ARVIND PATEL, et al., | ) | |
| | ) | CASE NO.    13 BE 9 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| VILLAGE OF BELLAIRE, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:         Civil Appeal from Common Pleas Court,
                                                            Case No. 08CV412.

JUDGMENT:                                      Affirmed.

APPEARANCES:
For Plaintiffs-Appellants:                  Arvind Patel, *Pro se*
                                                            16 Renaissance Way
                                                            Wheeling, West Virginia  26003

For Defendant-Appellee:                  Attorney Mel Lute, Jr.
                                                            400 South Main Street
                                                            North Canton, Ohio  44720

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  March 6, 2014

VUKOVICH, J.

{¶1} Plaintiff-appellant Arvind Patel appeals the decision of the Belmont County Common Pleas Court which denied his post-judgment motion for Civ.R. 11 sanctions filed against Attorney Mel Lute, Jr. Appellant alleged that counsel used false affidavits to support defendant-appellee Village of Bellaire's motion for summary judgment, which was then granted by the trial court and affirmed on appeal to this court. Appellant is essentially attempting to relitigate a claim which he generally asserted in his response to the Village's request for summary judgment but which he failed to specifically support with summary judgment evidence. Regardless, the trial court did not abuse its discretion in finding, after listening to the affiants testify at the sanctions hearing, that the affidavits were not fraudulent and/or that the Village's attorney did not willfully attach fraudulent affidavits to the motion. In accordance, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶2} On September 7, 2009, Village of Bellaire Law Director Michael Shaheen filed a request for temporary and permanent injunctive relief against Arvind Patel and Anu & Amu, Inc. in the Belmont County Common Pleas Court resulting in Case No. 06CV371. The Village asked the court to order the closure of Patel's motel doing business as the 7-Inn Motel. Attached to the request was the affidavit of Fire Captain Dennis VanKirk who stated that he undertook an inspection on behalf of the Village which had received various complaints concerning the property. He stated that he found at least 100 dangerous fire code violations, noting that he saw exposed wiring, deplorable conditions, flammable material, and lack of adequate fire extinguishers. He expressed concern that a fire would occur unless the motel was closed for repair. He also stated that during the investigation, Patel voiced that he would not comply with repair requests. A temporary restraining order was issued.

{¶3} Patel apparently began making some repairs. Less than two weeks after the temporary order was issued, the State Fire Marshal's Office conducted an inspection, found 183 violations, and issued a citation. Based upon subsequent

testimony of a State Fire Marshal, a preliminary injunction was then granted in 06CV371.

{¶4} Administratively, Patel requested a hearing before the Board of Building Appeals, after which the State Fire Marshal's citation was upheld, with no further appeal taken. By this time, Patel's operator's license had expired, and the motel was no longer in operation. Thus, in mid-2007, the Village dismissed its pending request for a permanent injunction.

{¶5} In mid-2008, Patel filed a *pro se* complaint against the Village of Bellaire in the Belmont County Common Pleas Court alleging a conspiracy to close the motel by filing and perpetuating a malicious and wrongful suit with false testimony and a false affidavit, negligence in filing a meritless suit and causing the motel to close, and tortious interference with economic advantage by causing the motel to close.

{¶6} The Village filed a motion for summary judgment. The Village attached the fire captain's prior affidavit and his more recent affidavit wherein he added that the State Fire Marshall inspected the property, found 183 violations, and provided a citation issued to Patel under R.C. 3737.42. He characterized this occurrence by stating that the State Fire Marshall "took over" to determine the fate of the plaintiff's business. The Village also attached the affidavit of former Law Director Shaheen, wherein he stated that he filed a request for temporary and permanent relief based upon information supplied to him in order to ensure Patel would cease operation of the property pending complete repair in compliance with fire code and/or the outcome of an enforcement proceeding under Chapter 3737.

{¶7} The Village raised various arguments besides the one that it was proper to seek closure of the motel. For instance, the Village pointed out that Patel had already argued that the fire captain's affidavit was false in 06CV371. The Village stated that there was no allegation of an unlawful act as required for a civil conspiracy claim. The Village also asserted immunity in the government functions performed here.

{¶8} Patel responded by urging that the ruling in 06CV371 was not final and only related to a temporary order. As to the issue of the Village's immunity, Patel confusingly stated that the fire captain and law director acted outside the course of their employment. Patel also urged that the issue of whether the Village used false testimony and false affidavits was a jury question.

{¶9} The Village replied to the latter contention by pointing out that Patel set forth mere general accusations of falsity and provided no summary judgment evidence in support of his contention that there remained a genuine issue for trial. Before the trial court could rule, Patel retained counsel for the first time in this suit. Instructions were issued for counsel to review the file to determine if he concurred with appellant's *pro se* filings, but counsel later withdrew. In July 2010, the Village filed a supplement to their motion for summary judgment in order to place it back before the court's consideration. The Village's supplement added Patel's deposition and noted that he only generally set forth his belief that the affidavits were based on lies and that the motive was to close his motel rather than an actual threat of fire.

{¶10} On July 21, 2010, the trial court granted summary judgment to the Village. Patel appealed that judgment and raised a total of seven assignments of error. *See Patel v. Village of Bellaire*, 7th Dist. No. 10BE27, 2012-Ohio-4348. Patel made various arguments in that appeal regarding his belief that the trial court relied on affidavits that were false, fraudulent, and manufactured. *Id.* at ¶ 25, 47.

{¶11} This court initially set forth the law on political subdivision immunity. *Id.* at ¶ 27-29. We ruled that Patel did not raise any exception to immunity. *Id.* at ¶ 30. We pointed out that he claimed that the fire captain or law director acted outside of the scope of their duties, but this would only further the Village's case of immunity, noting that he did not file suit against the fire captain and the law director. *Id.* at ¶ 30, 39. We also concluded that Patel failed to provide evidence that the affidavits of the fire captain and the law director were false or that there remained a genuine issue as to his claims. *Id.* at ¶ 34, 39, 49. We affirmed the grant of summary judgment.

{¶12} While that appeal was pending, Patel filed a motion for sanctions under Civ.R. 11 against Attorney Lute who defended the Village in this lawsuit. Patel

claimed that Attorney Lute willfully attached to the summary judgment motion three false affidavits (the two affidavits of the fire captain and the affidavit of the law director). Appellant also contested counsel's statements in the summary judgment motion recapping the affidavits. Appellant then explained why he disagreed with the content and/or wording of certain portions of the affidavits.

**{¶13}** The trial court waited to rule on the motion until the appellate process of the underlying suit was complete. *See Patel v. Judge Crawford*, 7th Dist. No. 12BE28, 2013-Ohio-2284, ¶ 5, 15. The trial court conducted a hearing on the motion on April 9, 2013. At the hearing, Patel questioned the fire captain and the law director on certain portions of their affidavits. For instance, appellant tried to establish that a statement in the law director's affidavit that a permanent injunction was requested was false because no permanent injunction was issued or because no hearing ended up being held on a permanent injunction due to the voluntary dismissal. As another example, appellant tried to demonstrate that the fire captain's affidavit falsely stated that the State Fire Marshal's office "took over" to determine the fate of the business; appellant based this argument on a letter he received from that office stating that they were not part of the pending injunction lawsuit but were proceeding administratively on his license. Both witnesses testified that when they filed the affidavits at issue, they believed that what they said was true.

**{¶14}** The trial court concluded that there was no evidence that there was anything false in any of the affidavits. And, the trial court stated that even if there were false statements, there is no evidence that the affiants knew those statements were false. Regardless, the trial court found that there was absolutely no evidence that *Attorney Lute* had any knowledge of falsities in the affidavits. The court opined that this was the most frivolous motion and hearing that the court had encountered in its more than 30 years as a judge. The court's decision denying the motion for sanctions was journalized on April 24, 2013. Patel filed a timely notice of appeal and filed a *pro se* brief on his own behalf (not on behalf of the corporation).

## ASSIGNMENTS OF ERROR

{¶15} Patel sets forth the following seven assignments of error:

{¶16} "The trial court made an egregious error in failing to recognize the [former law director's] false and fabricated affidavit and testimony at the hearing of April 9, 2013."

{¶17} "The trial court made an egregious error in failing to recognize the [fire captain's] false and fabricated affidavit and testimony at the hearing of April 9, 2013."

{¶18} "Trial court abused its discretionary power by directly coaching the witness stating that you can file a false and fabricated affidavit and come into court and testify that you believe it was true at the time of the filing of the affidavit."

{¶19} "The trial judge abused his discretionary power and changed the definition of rule 11 'motion for sanction' to favor Appellee."

{¶20} "The trial judge abused his discretionary power, by not allowing the defendant Attorney Lute on the stand for cross examination."

{¶21} "The trial judge abused his discretionary power and falsely stated that this is the first and only hearing on the Motion [for] sanctions today."

{¶22} "The trial court abused his discretionary power, and held the hearing without important witness[es], whom Mr. Patel subpoenaed."

{¶23} Before proceeding, we admonish appellant that gratuitous cursing in an appellate brief is inappropriate. *See* Appellant's Brief at 21 (where appellant states that the trial judge "did not give a shit").

## GENERAL LAW

{¶24} Pursuant to Civ.R. 11, every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record. The signature of an attorney constitutes a certificate by the attorney: that he has read the document; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. Civ.R. 11. If a document is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. *Id.* For a willful violation of this rule, an attorney may be subjected to

appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing a motion under this rule. *Id.*

**{¶25}** Appellee points out that the rule does not apply to affidavits of a non-party used to support a motion. *See* Staff Note to 1994 Amendment to Civ.R. 11. Appellant responds by contending that where counsel cites parts of those affidavits in his motion, the rule would apply to those statements regardless of counsel's subjective belief. That is, appellant urges the test employed in a Civ.R. 11 evaluation is not subjective and is employed without considering actual bad faith.

**{¶26}** However, the Ohio Supreme Court has stated that "Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation must be willful." *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 19. The standard requires more than bad judgment or negligence and requires dishonest purpose or actual intent to mislead for instance. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs,* 127 Ohio St.3d 202, 937 N.E.2d 1274, 2010-Ohio-5073, ¶ 8.

**{¶27}** A reviewing court does not reverse a decision on a motion for sanctions unless the trial court has abused its discretion. *Id.* at ¶ 9, citing *Dreamer*, 115 Ohio St.3d 190 at ¶ 18. As long as some competent, credible evidence exists to support the judgment, no abuse of discretion occurs. *Id.*

ANALYSIS

**{¶28}** Many of appellant's complaints regarding the affidavits can be classified as caviling (the raising of trivial and frivolous objections), misinterpretation, or outright mistake on appellant's part. Most notably, appellant complains that the law director's affidavit stated that he previously requested a permanent injunction, but appellant insists that this is not true. However, the original filing was a request for both temporary and permanent relief. Although only a temporary and preliminary injunction had been issued by the time the complaint was voluntarily dismissed, there was still an initial request for a permanent injunction.

**{¶29}** Appellant's next complaint regarding the law director dealt with his statement at a hearing in the injunction case. As to how this relates to the affidavit,

appellant seems to focus on the law director's statement in his affidavit that he filed for an injunction subject to complete repair of the property. Appellant believes the statement is false because he alleges that he did make the repairs of the items in the initial complaint but his motel stayed closed. However, the law director was merely paraphrasing the complaint for an injunction; he was not swearing that repairs never began or that they were not completed at a later date. And, the excerpt from a prior hearing utilized by appellant here does not support his position as the law director mentioned only that appellant was "making progress" and stated that several violations still exist. In any event, appellant is essentially making a legal argument as to whether the code violations found by the state could be used to further extend the injunction where he allegedly fixed the violations found by the village. This was a matter for the summary judgment stage of the proceedings, rather than the Civ.R. 11 stage.

{¶30} Appellant also alleges here that the law director falsely claimed that Chapter 3737 was followed. This is apparently based upon appellant's contention that the fire captain did not strictly follow the law, and that the law director should have known that. First, the law director's three-sentence affidavit was used in this lawsuit merely to show what he did in the prior lawsuit. He did not specifically claim that the fire captain complied with every aspect of Chapter 3737. He merely outlined that he filed for temporary and permanent relief to assure appellant would cease operation subject to the complete repair in compliance with fire codes and/or the outcome of enforcement proceedings under Chapter 3737. And, nothing in that affidavit could be attributable to bad faith of the current attorney provided by the insurance company to represent the Village of Bellaire in this action instituted by appellant.

{¶31} As to the affidavit of the fire captain that was written at the time of the summary judgment motion, appellant complains that he stated that the State Fire Marshal's office "took over" after finding 183 violations. The trial court found that the fire captain believed the state was taking over (for him) and the affidavit was not fraudulently made. Appellant points to a letter written to him on behalf of the State

Fire Marshal's Office, noting that it was not a party to the action for injunctive relief as they were pursuing actions against the hotel's license administratively which "at this time do not involve the courts." Appellant's complaint seems to be merely an interpretation argument or an argument of what impressions were made on the fire captain by the involvement of the state. So they did not take over the civil case; they did, however, essentially take over the investigatory and compliance aspects of the matter. In fact, testimony of one of those state agents was presented to support extending the temporary restraining order into a preliminary injunction. And, as aforementioned, any argument that the state's citation was a malicious reason to extend the injunction is a legal argument. Arguments such as this were resolved at the summary judgment stage of this action due to appellant's inadequate response.

{¶32} Appellant also complains that the fire captain's affidavit stated the he issued a citation to appellant in writing, describing with particularity the nature of the violation and the portion of the fire code violated. Appellant complains that the citation was more like a letter and that each violation does not have a specific code section after it. However, it was in writing, with a list of particular violations, and general code sections were provided in the introduction to the list of violations. Once again, any argument that the fire captain's citation was statutorily insufficient to justify an injunction is a legal argument that was already resolved, at the least by the time that summary judgment was entered in this action. And, defense counsel does not make a groundless argument by defending the sufficiency of a fire captain's citation in an action for malicious prosecution against his client, the Village of Bellaire.

{¶33} Appellant even takes issue with a statement in the fire captain's original affidavit, filed in support of the Village's prior action for a restraining order, where he states, "During our investigation, Mr. Patel made it clear that he absolutely will not comply with our requests to repair the subject property. Furthermore, he openly disputed our authority to order him to do so." There is no rational reason to connect any liability for this statement (made by a fire captain the day after an inspection in September 2006) to a defense counsel who, two years later, merely attached the affidavit (which had already been accepted by a court in granting both temporary and

preliminary relief) to a motion for summary judgment. In any event, there is no evidentiary indication that the fire captain's impressions of appellant's conduct and statements were false. Additionally, appellant had the chance to contest these statements, and summary judgment has since been entered against him.

**{¶34}** The trial court had the discretion to believe the affiants who testified that the affidavits were true and/or they believed their affidavits were true when they wrote them. The court did not "coach" the witnesses but followed up Patel's questioning with one final question as to whether they believed at the time of signing that the affidavits were true. Other statements by the court were attempts to align appellant's presentation to the proper focus rather than to permit him to retry his original complaint. Furthermore, appellant's particular arguments were either unconvincing or constituted erroneous analysis, misinterpretation, quibbling over semantics, or caviling.

**{¶35}** "Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation must be willful." *Dreamer*, 115 Ohio St.3d 190 at ¶ 19. The standard requires more than bad judgment or negligence but suggests a dishonest purpose or actual intent to mislead. *Bardwell,* 127 Ohio St.3d 202 at ¶ 8.

**{¶36}** Thus, contrary to appellant's argument, the trial court was not wrong by noting that even if it were to assume for sake of argument that a person's affidavit turns out to contain some false statements does not automatically mean that the attorney representing the village (hired by the insurance company) must be sanctioned. As Attorney Lute points out, Civ.R. 56 speaks of affidavits being made on the personal knowledge of the affiant. Appellant cites nothing requiring the attorney to be absolutely liable for the client's (or a non-party's) statements in the affidavit just because he points to the affidavit in his motion for summary judgment.

**{¶37}** Putting aside the conclusion that a rational trier of fact could find a lack of evidence that the affidavits were factually false, Attorney Lute was not part of the lawsuit by the Village against appellant, and there was no evidence that Attorney Lute had knowledge of a "conspiracy" or fraudulent statements by affiants. Appellant states that the court should have let him cross-examine Attorney Lute; however, he

did not mention questioning Attorney Lute until he was in the middle of making final arguments and the court was responding to those arguments (thus alerting him as to his evidentiary failure). As the trial court pointed out, appellant had already answered that he had no more witnesses to call.

**{¶38}** Appellant also takes issue with the court's statement that this was the first and only hearing on his motion. He states that a hearing on his motion was conducted back when he first filed the motion two years before. However, he failed to provide a complete or official transcript of that hearing (as we pointed out to him in ruling on the prior mandamus action he filed). As we stated then, the incomplete and unofficial pages he did submit showed only that the trial court stated that it would either dismiss the motion or stay it pending the appellate decision. There was no indication that an evidentiary hearing was held then. We have before us only a full and official transcript of the evidentiary hearing that occurred on April 9, 2013.

**{¶39}** Contrary to another assertion by appellant, there is nothing wrong with the court having the questioner show the document to the witness instead of to the court. As appellant points out, the motion for sanctions had been filed with the court, and it had attachments to it. However, an unsworn document attached to a motion need not be accepted as evidence. Even appellant's own "affidavit" was not notarized. In any event, we have the filed motion and its attachments and such documents do not change the analysis of the situation here.

**{¶40}** As to his final contention, appellant waited until a few days before the scheduled hearing to issue subpoenas. The local fire captain received his subpoena the day prior to the hearing, and the law director and a judge did not receive their subpoenas until the morning of the hearing. From the returns, it can be seen that the non-local state employees could not be served in time for the hearing. Appellant did not seek a continuance to secure these witnesses; nor did he show how their testimony could relate to Attorney Lute's knowledge. (The only reason he sought a continuance was his attempted appeal to the United States Supreme Court.)

**{¶41}** Lastly, appellant was essentially attempting to relitigate the issues arising from his complaint and the summary judgment stage; a stage which ended in

a final order, a final order that was upheld on appeal. Appellant is taking issue with statements in affidavits attached to a summary judgment motion in a motion for sanctions against counsel when those issues were generally and vaguely sketched but were not particularized in the response to summary judgment. He is finally specifying what he should have specified in his response to summary judgment. He said that affidavits were false then, but he presented no summary judgment evidence in support of this bare assertion. The trial court accepted the affidavits in ruling on summary judgment. This court reviewed appellant's argument that the affidavits were false. We concluded that he had presented no evidence below that this was the case as was his burden. We affirmed the entry of summary judgment.

{¶42} To allow a motion for sanctions to be utilized in such a manner would allow a party who loses due to their own lack of proper response to attempt to relitigate the veracity of the movant's summary judgment evidence. Notably, this is not a case where a party who lost at summary judgment discovered *new* information showing not only that the affidavits were false but also that counsel knew about the falsity.

{¶43} And, as to the fire captain's first affidavit, this document was filed in court by the Village to support the restraining order years prior to this action. It was contested by appellant at that time. Most importantly, *appellant's suit here was based on his allegation that said affidavit was false*. Counsel, who was uninvolved in the prior suit, attached to the summary judgment motion *the very affidavit that appellant's complaint says is false*. Counsel was hired to defend against this claim. It is not willful bad faith to attach the document upon which the opponent's suit is based. Had appellant shown there was a genuine issue as to whether the affidavit was material and false at the proper stage, counsel still could have proceeded to defend his client at trial.

{¶44} As explained in his appeal of the grant of summary judgment, appellant failed to support his claim in responding to summary judgment. By filing a motion for sanctions on this same affidavit, appellant is improperly duplicating the claim he made in the complaint which he failed to protect in the summary judge stage of

proceedings. And, he is essentially attempting to alter the law of the case on this affidavit. Judgment has already been entered against appellant on his complaint that the affidavit was false.

{¶45} Regardless, as explained supra, a reasonable court could find the claims of falsity outlined on appeal were not supported by the evidence, and Attorney Lute's bad faith was not discernible and could be found lacking by a reasonable trial court. For the foregoing reasons, the judgment of the trial court is hereby affirmed.


Donofrio, J., concurs.
Waite, J., concurs.