[Cite as *Beverly v. Clancy*, 2021-Ohio-3104.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WILLIAM CREAD BEVERLY, :

    Relator, :

                         No. 110554

    v. :

JUDGE MAUREEN CLANCY, ET AL., :

    Respondents. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** September 3, 2021

---

Writ of Mandamus
Motion No. 547561
Order No. 548645

---

### *Appearances:*

William Cread Beverly, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kelli Kay Perk, Assistant Prosecuting Attorney, *for respondents.*

LARRY A. JONES, SR., P.J.:

{¶ 1} William Cread Beverly, the relator, has filed a complaint for a writ of mandamus. Judge Maureen Clancy and Magistrate Gina Lunsford, the

respondents, have filed a Civ.R. 12(B)(6) motion to dismiss that is granted for the following reasons.

{¶ 2} Initially, we find that the complaint for a writ of mandamus is procedurally defective because it is improperly captioned. Beverly styled this action as "William Cread Beverly -vs- Judge Maureen Clancy, and Magistrate Lunsford." Pursuant to R.C. 2731.04, a complaint for a writ of mandamus must be brought in the name of the state on relation of the applying person. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 689 N.E.2d 564 (1998); *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶ 3} In addition, Beverly has failed to comply with Civ.R. 10(A), which requires that the complaint must include the addresses of all parties. *Lucas v. Gaul*, 8th Dist. Cuyahoga No. 108082, 2019-Ohio-2449; *Spann v. Calabrese*, 8th Dist. Cuyahoga No. 108290, 2019-Ohio-1660; *Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 96866, 2011-Ohio-4831.

{¶ 4} Finally, the complaint for a writ of mandamus fails to state a claim upon which relief can be granted. In order for this court to issue a writ of mandamus, Beverly must demonstrate: (1) that Beverly possesses a clear legal right to the relief prayed for, (2) that Judge Clancy and Magistrate Lunsford possess a clear legal duty to perform the requested acts, and (3) that there exists no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983); *State ex rel. Westchester v.*

*Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980); *State ex rel. Heller, v. Miller*, 61 Ohio St.2d 6, 399 N.E.2d 66 (1980); *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978)

{¶ 5} A thorough review of the complaint for mandamus fails to reveal that Beverly has established a clear legal right or that Judge Clancy and Magistrate Lunsford possess any legal duty that must be enforced. In addition, mandamus cannot be employed to control judicial discretion or substitute for an appeal. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510; *State ex rel. Woods v. Gagliardo*, 49 Ohio St.2d 196, 360 N.E.2d 705 (1977). Beverly has failed to state a claim upon which relief can be granted and dismissal is appropriate pursuant to Civ.R. 12(B)(6). *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966.

{¶ 6} Accordingly, we grant the joint Civ.R. 12(B)(6) motion to dismiss. Costs to Beverly. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Complaint dismissed.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR