[Cite as *Stalnaker v. Stalnaker*, 2023-Ohio-61.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

BRADY STALNAKER

    Appellee

    v.

HANNAH STALNAKER

    Appellant

C.A. No.     29838

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2019-10-2726

DECISION AND JOURNAL ENTRY

Dated: January 11, 2023

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Hannah Stalnaker, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reversed and remands.

I.

{¶2}    Hannah Stalnaker ("Wife") and Brady Stalnaker ("Husband") were married in 2005. Three children were born of the marriage. In 2012, Husband and Wife entered into a legal separation agreement in Case No. 2010-03-0859 in the Summit County Court of Common Pleas, Domestic Relations Division. The allocation of parental rights and responsibilities as well as the issue of spousal support were addressed in the legal separation decree.

{¶3}    On October 8, 2019, Husband filed a complaint for divorce. Wife filed an answer and counterclaim for divorce wherein she requested the equitable distribution of real property and other marital assets and debts. The matter was set for trial on August 5, 2020. Counsel for Wife filed a motion to withdraw approximately two weeks prior to the trial date. New counsel filed a

notice of appearance and a written motion for a continuance on August 4, 2020. The trial court denied the motion for a continuance and the matter proceeded to trial. Both Husband and Wife gave testimony regarding the circumstances surrounding the marital residence as well as Wife's student loans. At the close of testimony, the parties informed the court that they had reached an agreement. The agreement was read into the record and the trial court asked a number of questions of the parties. During that exchange, Wife suggested that she was "forced to make uninformed decisions" after her motion for a continuance was denied. At that point, the trial court brought the discussion to a close and indicated that it was inclined to write a decision. The trial court subsequently issued a divorce decree that addressed the issues pertaining to the marital residence and the outstanding student loans. The trial court also set forth its reasoning for denying the motion for a continuance.

{¶4} On appeal, Wife raises three assignments of error. Husband has not filed an appellate brief.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT'S DECISION TO DENY APPELLANT'S MOTION FOR CONTINUANCE WAS AN ABUSE OF DISCRETION.

{¶5} In her first assignment of error, Wife argues that the trial court abused its discretion in denying her motion for a continuance. This Court agrees.

{¶6} An appellate court reviews a trial court's ruling on a motion for a continuance for an abuse of discretion. *State v. Acoria*, 129 Ohio App.3d 376, 378 (9th Dist.1998); *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 9. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} "In determining whether the trial court abused its discretion by denying a motion for a continuance, this Court must 'apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party.'" *State v. Dawalt*, 9th Dist. Medina No. 06CA0059-M, 2007-Ohio-2438, ¶ 10, quoting *Burton v. Burton*, 132 Ohio App.3d 473, 476 (3d Dist.1999). The Supreme Court of Ohio has observed that

> [i]n evaluating a motion for a continuance, a court should [consider] the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981).

{¶8} "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger*, 67 Ohio St.2d at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶9} As noted above, Wife obtained new counsel prior to trial and filed a written motion for a continuance. In support of the motion, new counsel indicated that she was recently retained and that she needed additional time to review discovery. New counsel further stressed that she had a scheduling conflict as she was set to appear for a hearing in a different case on the same day that trial was set to commence. New counsel also noted that no prior continuances had been granted.

{¶10} As noted above, the trial court set forth its reasons for denying the motion for a continuance in the divorce decree. After briefly outlining the procedural history in the case, the

trial court noted that neither party had complied with orders pertaining to discovery or the filing of trial briefs and exhibits. The trial court further observed that the case had been pending for ten months and that the August 5, 2020 trial date had been set on the docket since April 13, 2020. The trial court found that Wife's motion for a continuance was untimely as it was filed the day before the scheduled trial date.[1] With respect to new counsel's scheduling conflict, the trial court simply found that "[t]he instant [case] was filed first."

{¶11} In light of this Court's careful review of the record, we are compelled to conclude that the trial court abused its discretion in denying Wife's motion for a continuance. Wife obtained new counsel shortly before trial and requested additional time to prepare and review discovery. New counsel also informed the trial court of a scheduling conflict. There had been no continuances of the trial date prior to the filing of Wife's motion. There is nothing in the record suggesting that Husband objected to the continuance, nor is there evidence that a continuance would have prejudiced Husband. A review of the trial transcript reveals that, at the outset of her testimony, Wife expressed concern that the matter was going forward because her attorney had not had adequate time to prepare. With respect to new counsel's scheduling conflict, the trial court's observation that the instant matter was "filed first[]" does not negate the reality that new counsel faced an obstacle in getting up to speed on the case in a very short period of time. Furthermore, while the trial court seemingly articulated its dissatisfaction with the fact that the pretrial proceedings had been disjointed, we are mindful that pretrial in this matter coincided with the onset of the COVID-19 pandemic, which was a disruptive force in court proceedings across the state.

---

[1] In support of this finding, the trial court highlighted Wife's testimony at trial that she retained new counsel prior to the time that former counsel filed his motion to withdraw on July 22, 2020.

Under these circumstances, the trial court's denial of the motion for a continuance constituted an abuse of discretion.

{¶12} Wife's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S ORDER ALLOCATING STUDENT LOAN DEBT TO APPELLANT WAS AN ABUSE OF DISCRETION.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT'S ORDER ALLOCATING THE MARITAL RESIDENCE TO APPELLEE WAS AN ABUSE OF DISCRETION.

{¶13} In her second assignment of error, Wife maintains that the trial court abused its discretion by the manner in which it allocated student loan debt. In her third assignment of error, Wife contends that the trial court abused its discretion in allocating the marital home to Husband. As this Court's resolution of Wife's first assignment of error is dispositive of this appeal, we decline to address the second and third assignments of error as they have been rendered moot. App.R. 12 (A)(1)(c).

III.

{¶14} Wife's first assignment of error is sustained. This Court declines to address Wife's second and third assignments of error as they have been rendered moot. The judgment of the Summit Count Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

SUSAN J. LAX, Attorney at Law, for Appellant.

THOMAS LOCASCIO, Attorney at Law, for Appellee.