[Cite as *State ex rel. L.M. v. Goldberg*, 2023-Ohio-537.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., L.M.,                     :

    Relator,                          :

                                  No. 112412

    v.                                :

THE HONORABLE JUDGE                      :
FRANCINE B. GOLDBERG,

                             :

    Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** February 17, 2023

---

Writ of Mandamus
Order No. 562118

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for relator*.

LISA B. FORBES, P.J.:

{¶ 1} L.M., the relator, has filed a complaint for a writ of mandamus. L.M. seeks a peremptory writ of mandamus, or an alternative writ of mandamus, that requires Judge Francine B. Goldberg to continue a trial scheduled to commence February 15, 2023. Following a complete review of the complaint and the attached documents, we deny the requested writ.

## I.    Facts

{¶ 2}    The following facts are gleaned from L.M.'s complaint for a writ of mandamus.  On October 27, 2021, L.M. filed her complaint for divorce, through counsel, in Cuyahoga C.P. No. DR-21-387547.  On December 29, 2022, L.M.'s counsel filed a motion to withdraw as counsel.  On December 30, 2022, Judge Goldberg granted counsel's motion to withdraw as counsel for L.M.  On January 27, 2023, L.M. filed a pro se motion to continue trial set for February 15, 2023, and February 16, 2023.  On February 8, 2023, Judge Goldberg denied L.M.'s motion to continue trial set for February 15 and 16.  On February 8, 2023, L.M.'s newly obtained counsel filed a notice of appearance and a motion for continuance of the trial set for February 15 and 16.  On February 9, 2023, Judge Goldberg denied the motion for continuance filed by L.M.'s second counsel.  L.M. electronically filed her complaint for a peremptory writ of mandamus or alternative writ of mandamus on February 14, 2023, at 10:40 p.m., the day before the trial was scheduled to begin.  L.M. alleges that she had a clear legal right to have her request for a continuance granted and that by denying the motion for continuance, Judge Goldberg failed to fulfill a clear legal duty.

## II.    Law and Analysis

### A.  Standards Applicable to Mandamus

{¶ 3}    The requisites for mandamus are well established: (1) the relator possesses a clear legal right to the requested relief; (2) the respondent possesses a clear legal duty to perform the requested relief; and (3) there exists no other

adequate remedy in the ordinary course of the law.  In addition, mandamus may not control judicial discretion, even if the exercise of judicial discretion is grossly abused.  *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E. 108 (1997); *State ex rel. Board Walk Shopping Ctr., Inc. v. Court of Appeals*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990); *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).  Moreover, mandamus is an extraordinary remedy, which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (1993).

## B. Legal Analysis

{¶ 4}  Herein, we find that L.M. has failed to establish each prong of the three-part test applicable to a complaint for a writ of mandamus.  Initially, L.M. has failed to establish that she possesses a clear legal right to a continuance of the dates set for trial or that Judge Goldberg possesses a clear legal duty to grant a continuance.  Pursuant to Sup.R. 41(A), the continuance of a scheduled trial or hearing is a matter within the *sound discretion* of the trial court for good cause shown.  To require Judge Goldberg to grant a continuance at this juncture of legal proceedings would trample on her judicial discretion, and as previously stated, mandamus may not be employed to control judicial discretion, even if the exercise of judicial discretion constitutes gross abuse.  *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040; *State ex rel. Dreamer v. Mason*, 115

Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510; *Patterson v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 107755, 2019-Ohio-110.

{¶ 5} Finally, the fact that a postjudgment appeal may be time consuming and expensive to pursue does not render an appeal inadequate so as to justify extraordinary relief through mandamus. *State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 712 N.E.2d 742 (1999); *Fraiberg v. Cuyahoga Cty. Court of Common Pleas*, 76 Ohio St.3d 374, 667 N.E.2d 1189 (1996); *State ex rel. Gillivan v. Bd. of Tax Appeals*, 70 Ohio St.3d 196, 200, 638 N.E.2d 74 (1994). *See also Stalnaker v. Stalnaker*, 9th Dist. Summit No. 29838, 2023-Ohio-61 (following trial, an appeal may be filed that challenges the failure of the trial court to grant a continuance based upon an abuse-of-discretion argument).

{¶ 6} Accordingly, we deny the request for a peremptory writ of mandamus or an alternative writ of mandamus. Costs to L.M. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Writ denied.

LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR